STATE OF NORTH CAROLINA v. TONY DOUGLAS CALDWELL

No. COA96-726

(Filed 7 January 1997)

**Criminal Law § 1097 (NCI4th Rev.)— no abuse of discretion— first degree burglary—failure to find factors in mitigation—Structured Sentencing Act—legislative intent—no deviation from presumptive sentencing**

The trial court did not abuse its discretion by failing to find factors in mitigation for sentencing where the defendant was convicted of first-degree burglary and sentenced to a minimum of eighty-nine months' and a maximum of one hundred sixteen months' active imprisonment, a term within the presumptive range under the Structured Sentencing Act. Pursuant to N.C.G.S. § 15A-1340.13(e) the legislature intended the trial court to take into account factors in aggravation and mitigation only when deviating from the presumptive range in sentencing.

**Am Jur 2d, Criminal Law §§ 525 et seq.**

Appeal by defendant from judgment entered 6 December 1995 by Judge Joe Freeman Britt in Orange County Superior Court. Heard in the Court of Appeals 2 December 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Melanie L. Vtipil, for the State.*

*Public Defender James E. Williams, Jr., by Assistant Public Defender M. Patricia DeVine, for defendant appellant.*

SMITH, Judge.

Defendant was convicted of first-degree burglary and sentenced to a minimum of eighty-nine months' and a maximum of one hundred sixteen months' active imprisonment, a term within the presumptive range under the Structured Sentencing Act.

The circumstances surrounding defendant's arrest and conviction are not pertinent to the issue raised on appeal and will not be discussed herein. Defendant's sole argument on appeal is that the trial court abused its discretion by failing to find factors in mitigation for sentencing purposes. Defendant recognizes that the sentence imposed was within the presumptive range under the Structured

Sentencing Act, and as such is discretionary with the trial court. *See* N.C. Gen. Stat. § 15A-1340.17(c)(2) (Cum. Supp. 1996) ("A presumptive range of minimum durations, if the sentence of imprisonment is neither aggravated or mitigated; any minimum term of imprisonment in that range is permitted . . . ."). However, he contends that because sentences imposed under the Act result in time which will actually be served, the trial court's discretion should be curtailed. Accordingly, defendant asserts that even when sentencing within the presumptive range, the trial court should be required to take into account evidence of aggravating and/or mitigating factors in imposing sentence. For the following reasons, we find no abuse of discretion by the trial court.

We are mindful that by virtue of the recency of the enactment of the Structured Sentencing Act, many of its intricacies will be the subject of much interpretation in the future. However, we also recognize that absent precedent, we are bound by the plain language of the act in determining the legislative intent. "In matters of statutory construction, the task of the courts is to ensure that the purpose of the Legislature, the legislative intent, is accomplished. The best indicia of that legislative purpose are the language of the act and what the act seeks to accomplish." *Wagoner v. Hiatt,* 111 N.C. App. 448, 450, 432 S.E.2d 417, 418 (1993). It is clear from our examination of the language of the Act that the legislature intended the trial court to take into account factors in aggravation and mitigation *only* when deviating from the presumptive range in sentencing.

N.C. Gen Stat. § 15A-1340.13(e) (Cum. Supp. 1996) states that "[t]he court may deviate from the presumptive range of minimum sentences . . . if it finds, pursuant to G.S. 15A-1340.16, that aggravating or mitigating circumstances support such a deviation." Further, N.C. Gen. Stat. § 15A-1340.16 permits the court to consider evidence of aggravating and/or mitigating factors if appropriate, "but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a) (Cum. Supp. 1996). Finally, we note that the court is only required to make written findings in aggravation or mitigation "if, in its discretion, it departs from the presumptive range of sentences . . . ." N.C. Gen. Stat. § 15A-1340.16(c) (Cum. Supp. 1996).

It is clear from the plain language of these statutes that the Legislature intended to provide the trial court with a window of discretion to be exercised when sentencing a criminal defendant within the presumptive range. It is not the province of this Court to impose

the additional requirement that the trial court justify its decision by making findings of aggravation and mitigation subject to appellate review.

For these reasons, we find defendant received a fair trial and sentencing, free from prejudicial error.

No error.

Judges WYNN and MARTIN, Mark D., concur.