STATE OF NORTH CAROLINA v. CHARLIE LEE PARKER AND BRIAN HOLLOWAY A/K/A BYRON HOLLOWAY

No. COA99-1572

(Filed 5 June 2001)

## 1. Homicide— attempted second-degree murder—crime does not exist in North Carolina

The trial court committed plain error by instructing the jury on the issue of attempted second-degree murder because our Supreme Court has stated since defendant's conviction that attempted second-degree murder does not exist under North Carolina law.

STATE v. PARKER

[143 N.C. App. 680 (2001)]

## 2. Sentencing— consolidation of judgment for attempted second-degree murder and first-degree kidnapping—improper

Resentencing is required in a case where defendant's improper conviction for attempted second-degree murder was consolidated for judgment with the conviction of first-degree kidnapping, because whether the crime of first-degree kidnapping standing alone would support the sentence of 116 to 149 months imposed in connection with the two crimes is a matter for the trial court to reconsider.

## 3. Robbery— dangerous weapon—plural victims in indictment versus single victim in jury instruction

The trial court did not err by submitting the charge of robbery with a dangerous weapon to the jury even though there was an insertion of plural victims in the indictment compared to the requirement of only a single victim in the jury instructions, because: (1) the use of a conjunctive in the indictment does not require the State to prove various alternative matters alleged; (2) the evidence showed that both defendants acting in concert forced the two victims into the bedroom where one defendant stole a necklace; (3) there are no substantial discrepancies between the allegations in the indictment and the evidence presented at trial; and (4) defendant has failed to cite any authority in support of this assignment of error.

## 4. Kidnapping— first-degree and second-degree—proper resentencing based on erroneous maximum term

A defendant was not improperly resentenced by the trial court for the consolidated offenses of first-degree kidnapping and second-degree kidnapping, because: (1) the maximum term established by N.C.G.S. § 15A-1340.17(e) should have been 129 months instead of 120 months; (2) N.C.G.S. § 15A-1340.17 does not provide for judicial discretion in the determination of maximum sentences; and (3) defendant's sentence was properly corrected by the trial court to reflect the maximum sentence required by statute.

## 5. Burglary; Kidnapping; Robbery— motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendants' motions to dismiss the charges of first-degree burglary, first-degree kidnapping, second-degree kidnapping, and robbery with a dangerous weapon, because the State presented evidence that: (1) three vic-

tims and eyewitnesses of the crimes testified that two armed intruders entered the house late at night, forced two victims out of the house at gun point, re-entered the house, stole jewelry, and shot one victim in the back of the head; and (2) these witnesses knew the intruders and recognized them as the defendants.

**6. Kidnapping— first-degree—failure to instruct on lesser included offense of second-degree kidnapping**

The trial court did not err by failing to instruct the jury on the charge of second-degree kidnapping as a lesser included offense of the first-degree kidnapping instruction, because: (1) the evidence reveals that defendants fled after shooting one victim and chased another victim as she escaped, leaving the shot victim in the backyard and a third victim inside the house; and (2) there was no evidence defendants consciously and willfully left the victims in a safe place.

Appeal by defendants from judgments entered 13 April 1999 by Judge G.K. Butterfield, Jr. in Nash County Superior Court. Heard in the Court of Appeals 14 February 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General James Peeler Smith, for the State.*

*Batts, Batts & Bell, L.L.P., by Joseph L. Bell, Jr.; and Charles E. Robinson, for defendants-appellants.*

WALKER, Judge.

Defendant Parker appeals his conviction of attempted second degree murder, first degree burglary, first degree kidnapping, second degree kidnapping and robbery with a dangerous weapon. Defendant Holloway appeals his conviction of first degree burglary, first degree kidnapping, second degree kidnapping and robbery with a dangerous weapon. Defendants were convicted in a joint trial and sentenced on 13 April 1999. Defendant Parker was sentenced to consecutive terms of 103 to 133 months, 116 to 149 months and 34 to 50 months. Defendant Holloway was sentenced to consecutive terms of 100 to 129 months and 77 to 102 months.

The State's evidence at trial tended to show that both defendants attended a cook-out at the home of Randy Perry (Perry), Felicia Bynum (Bynum) and Teresa Moore (Moore) on Saturday, 28 March 1998. Around 4:00 a.m. on the following Monday morning,

Moore had just begun preparing breakfast when she heard loud banging on the front door and someone yell, "Rocky Mount Police Department." The noise woke up Perry and, as he approached the front door, two armed men entered the back door. Moore testified that although she could not see the men, she knew they were not policemen. She hid in a space between the freezer and the counter in the kitchen out of sight of the assailants. Perry testified that the men were wearing ski masks on their heads but had not yet pulled them down over their faces, allowing him to identify them. Perry identified the men as defendants Parker and Holloway, whom he had known for a number of years.

As the defendants approached Perry, they pulled their masks down over their faces and forced Perry into the bedroom with Bynum. They searched the room and then ordered Perry and Bynum out the back door to Perry's car. Perry and Bynum were led back inside briefly to allow Perry to get the keys to his car and to allow Bynum to get her shoes. While inside, Perry testified that defendant Parker stole a necklace from a shelf in the house. During this time, Perry repeatedly spoke to Holloway, asking him "B, man, why are you doing this?" Defendant Parker also called out to defendant Holloway, referring to him as "B." Outside, defendant Perry unsuccessfully attempted to wrestle the gun away from defendant Parker, after which defendant Holloway told defendant Parker to kill Perry because he "knew exactly who he is." Defendant Parker then fired a shot which struck Perry in the back of the head. Bynum was pursued by defendants as she ran away but was able to escape.

Although Perry was seriously wounded, he was able to walk back inside and call his family. Moore emerged from hiding and Bynum soon returned. All three testified at trial that they were able to recognize one or both of defendants on the night of the incident. Defendants did not offer any evidence.

[1] Defendants raise issues on appeal both individually and jointly. We first address defendant Parker's sole assignment of error that the trial court committed plain error by instructing the jury on the issue of attempted second degree murder. At the time of defendant's trial in April 1999, attempted second degree murder was recognized as a crime in this State. *See State v. Cozart*, 131 N.C. App. 199, 203, 505 S.E.2d 906, 909-10 (1998). However, since defendant's conviction, our State Supreme Court has held that the "crime denominated as 'attempted second-degree murder' does not exist under North

Carolina law." *State v. Coble*, 351 N.C. 448, 453, 527 S.E.2d 45, 49 (2000). Thus, defendant's conviction of that crime must be vacated. *See State v. Tew*, 352 N.C. 362, 544 S.E.2d 557 (2000).

**[2]** The State concedes that our Supreme Court's holding in *Coble* is controlling. However, the State argues that because the conviction of attempted second degree murder was consolidated for judgment with the conviction of first degree kidnapping, and both are classified as Class C felonies, resentencing is not required for defendant Parker. The trial court consolidated both crimes for judgment and sentenced defendant Parker to 116 to 149 months. The presumptive minimum sentence for each of those offenses at defendant Parker's prior record level is 93 to 116 months. N.C. Gen. Stat. § 15A-1340.17(c) (1999). Thus, the State argues that because defendant's conviction of first degree kidnapping remains, resentencing is not necessary. We disagree.

In the case of *State v. Brown*, 350 N.C. 193, 513 S.E.2d 57 (1999), the defendant received a consolidated sentence of thirty years in connection with her conviction of solicitation to commit murder and conspiracy to commit murder. On appeal, the Supreme Court vacated the conviction of solicitation to commit murder. The Court held that judgment on the conspiracy to commit murder conviction must be remanded to the trial court for resentencing because "we cannot assume that the trial court's consideration of two offenses, as opposed to one, had no affect [sic] on the sentence imposed." *Brown* at 213, 513 S.E.2d at 70.

In the case at bar, defendant Parker's conviction of first degree kidnapping would support a sentence of 116 to 149 months. However, whether that crime warrants the sentence imposed in connection with the two crimes is a matter for the trial court to reconsider. Thus, the case must be remanded for resentencing.

**[3]** We next address the assignments of error set forth by defendant Holloway individually. Defendant Holloway first asserts that the charge of robbery with a dangerous weapon was improperly submitted to the jury because a fatal variance existed between the indictment and the State's proof at trial. The indictment for robbery with a dangerous weapon charged that defendant Holloway "unlawfully, willingly and feloniously did steal, take, and carry away another's personal property . . . from the presence, and person of Randy Murphy Perry and Felicia Bynum." However, the trial court's instructions to the jury stated that a verdict of guilty was proper if the jury believed

defendant Holloway "took or carried away property from the person or presence of a person." Defendant Holloway asserts that the insertion of plural victims in the indictment as compared to the requirement of only a single victim in the jury instructions constitutes reversible error.

"The use of a conjunctive in the indictment does not require the State to prove various alternative matters alleged." *State v. Montgomery*, 331 N.C. 559, 569, 417 S.E.2d 742, 747 (1992), *citing State v. Williams*, 314 N.C. 337, 356, 333 S.E.2d 708, 721 (1985). Here, the evidence presented at trial showed that both defendants, acting in concert, forced Perry and Bynum into the bedroom where Parker stole the necklace. Although the indictment alleges two victims, there are no substantial discrepancies between the allegations in the indictment and the evidence presented at trial. Further, defendant Holloway has failed to cite any authority in support of this assignment of error. Thus, it is overruled.

**[4]** Defendant Holloway next contends that he was improperly resentenced by the trial court, resulting in an unauthorized increase of his sentence. Defendant Holloway was initially sentenced for the consolidated offenses of first degree kidnapping and second degree kidnapping to a minimum of 100 months and a maximum of 120 months. The maximum term, as established by N.C. Gen. Stat. § 15A-1340.17(e), should have been 129 months. The sentence was later corrected so that defendant Holloway was sentenced to a minimum of 100 months and a maximum of 129 months by a subsequent trial court judge. Defendant Holloway now argues that the original sentence was not error but was an exercise of discretion permitted by the Structured Sentencing Act. Thus, defendant asserts he was improperly re-sentenced.

This Court has held that "absent precedent, we are bound by the plain language of the act in determining the legislative intent." *State v. Caldwell*, 125 N.C. App. 161, 162, 479 S.E.2d 282, 283 (1997). N.C. Gen. Stat. § 15A-1340.17 provides "[u]nless provided otherwise in a statute establishing a punishment for a specific crime, for each minimum term of imprisonment in the chart in subsection (c) of this section, expressed in months, the corresponding maximum term of imprisonment, also expressed in months, is as specified in the table below . . . ." *See also* N.C. Gen. Stat. § 15A-1340.13(c) (1999).

The Structured Sentencing Act clearly provides for judicial discretion in allowing the trial court to choose a minimum sentence

within a specified range. *Caldwell* at 162, 479 S.E.2d at 283. However, the language of the Act provides for no such discretion in regard to maximum sentences. The legislature did not provide a range of possible maximum sentences nor did it create a vehicle to alter the maximum sentences based on the circumstances of the case as with minimum sentences. *See* N.C. Gen. Stat. § 1340.16 (1999). Rather, the Act dictates that once a minimum sentence is determined, the "corresponding" maximum sentence is "specified" in a table set forth in the statute. Thus, N.C. Gen. Stat. § 15A-1340.17 (1999) does not provide for judicial discretion in the determination of maximum sentences. Defendant Holloway's sentence was properly corrected by the trial court to reflect the maximum sentence required by statute.

**[5]** We now address defendants' joint assignments of error, the first of which is that the trial court improperly denied their motion to dismiss for insufficiency of the evidence. Defendants assert that the testimony of the three witnesses—Perry, Bynum and Moore—differed in several respects and was "inherently incredible." Further, defendants point to the absence of any physical evidence that would link these defendants to the crimes.

"In ruling on a motion to dismiss, the issue before the trial court is whether substantial evidence of each element of the offense charged has been presented, and that defendant was the perpetrator of the offense." *State v. Carr*, 122 N.C. App. 369, 371-72, 470 S.E.2d 70, 72 (1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Patterson*, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). All the evidence, whether direct or circumstantial, must be considered by the trial court, in the light most favorable to the State, with all reasonable inferences to be drawn from the evidence being drawn in favor of the State. *State v. Rose*, 335 N.C. 301, 439 S.E.2d 518, *cert. denied*, 512 U.S. 1246, 129 L. Ed. 2d 883 (1994). "The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss." *State v. Riddick*, 315 N.C. 749, 759, 340 S.E.2d 55, 61 (1986).

Here, the State presented the testimony of three people who were victims of and eyewitnesses to the criminal activity. These witnesses testified that two armed intruders entered the house late at night, forced Perry and Bynum out of the house at gun point, re-entered the house, stole jewelry and shot Perry in the back of the head. The State

also presented evidence that these witnesses knew the intruders and recognized them as the defendants. We find the evidence, taken in the light most favorable to the State, to be sufficient to uphold defendants' convictions.

[6] Defendants next argue that the trial court erred in failing to instruct the jury on the charge of second degree kidnapping as a lesser-included offense to the first degree kidnapping instruction. The crime of kidnapping occurs when one confines, restrains, or removes from one place to another a person for the purpose of:

(1) Holding such other person for a ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

N.C. Gen. Stat. § 14-39(a) (1999). However, the crimes of first and second degree kidnapping are differentiated in section (b) of the statute. First degree kidnapping occurs when "the person kidnapped either [is] not released by the defendant in a safe place or [is] seriously injured or sexually assaulted." N.C. Gen. Stat. § 14-39(b) (1999). Second degree kidnapping occurs when the victim is "released in a safe place by the defendant and [is] not seriously injured or sexually assaulted." *Id.* Defendants argue that Perry and Bynum were left in the back yard and Moore was left in the house, both of which should constitute a "safe place." Thus, the trial court should have instructed the jury on second degree kidnapping.

In the case of *State v. Jerrett,* 309 N.C. 239, 262, 307 S.E.2d 339, 351 (1983), the Supreme Court stated that in order to leave a victim in a safe place within the meaning of the statute, a "conscious, willful action on the part of the defendant to assure that his victim is released in a place of safety" was required. Furthermore, in the case of *State v. Raynor,* 128 N.C. App. 244, 495 S.E.2d 176 (1998), the defendant fled the victim's home after being overpowered by the victim. This Court held that the defendant did not release the victim in a safe place because there was no evidence of any "willful action" by the defendant to release the victim in a place of safety. *Id.*

In the case at bar, the evidence showed that defendants fled after shooting Perry and chased Bynum as she escaped, leaving Perry in the back yard and Moore inside the house. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Murry*, 277 N.C. 197, 176 S.E.2d 738 (1970). In accordance with *Jerrett* and *Raynor*, there was no evidence that defendants consciously and willfully left the victims in a safe place as required. Thus, the trial court did not err in refusing to instruct the jury on the lesser-included offense of second degree kidnapping.

After careful review, we find the defendants' remaining assignments of error to be without merit. Thus, for the reasons discussed above, we find the defendants received a fair trial free from prejudicial error.

In *State v. Parker*, No. 98 CRS 5278, vacated and remanded for re-sentencing.

In *State v. Parker*, Nos. 98 CRS 5277, 5280, no error.

In *State v. Holloway*, Nos. 98 CRS 5327, 5329, no error.

Judges BIGGS and SMITH concur.