STATE OF NORTH CAROLINA v. MARVIN ANTHONY CUMMINGS, Defendant

No. COA05-188

(Filed 6 December 2005)

**1. Appeal and Error— preservation of issues—failure to argue**

Although defendant contends the trial court committed plain error in a multiple breaking and entering, multiple larceny, and safecracking case by failing to consider mitigating factors during sentencing, defendant waived appellate review of this issue because defendant failed to make any argument in his brief regarding the prejudicial impact of the alleged plain error. Further, *Blakely v. Washington*, 542 U.S. 296 (2004), does not apply to this case since defendant was sentenced within the presumptive range.

**2. Sentencing— enhancement—habitual felon status—not cruel and unusual punishment**

Although defendant contends the trial court's use of defendant's felony convictions to enhance his sentence under the habitual felon statutes constituted cruel and unusual punishment in violation of defendant's Eighth Amendment rights, this assignment of error is overruled because the Court of Appeals and the North Carolina Supreme Court have consistently rejected Eighth Amendment challenges to habitual felon sentences.

**3. Appeal and Error— preservation of issues—failure to object—failure to cite authority**

Although defendant contends the sentence imposed by the trial court in a multiple breaking and entering, multiple larceny, and safecracking case violated sentencing policies established by the legislature and violated defendant's due process rights, this assignment of error is overruled because: (1) defendant failed to object at trial and thus failed to properly preserve this issue for appellate review; and (2) defendant failed to cite any authority in his appellate brief to support this argument.

**4. Constitutional Law— effective assistance of counsel—failure to object—failure to show prejudice**

Defendant did not receive ineffective assistance of counsel in a multiple breaking and entering, multiple larceny, and safecracking case based on his counsel's failure to object to defendant's sentence as a violation of the Eighth Amendment and on

grounds of legislative policy considerations, because assuming arguendo that defense counsel's performance may have been deficient based on his failure to object during defendant's sentencing hearing, defendant failed to show how he was prejudiced when his counsel negotiated a plea arrangement wherein defendant's additional twenty-one felony offenses were consolidated for judgment with the original ten felony offenses such that defendant received no additional time for the twenty-one felonies.

Appeal by defendant from judgments consistent with jury verdicts entered 18 August 2004 by Judge Michael E. Helms in Guilford County Superior Court. Heard in the Court of Appeals 12 October 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Bruce T. Cunningham, Jr. for defendant.*

BRYANT, Judge.

Marvin Anthony Cummings (defendant) appeals from judgments consistent with jury verdicts entered 18 August 2004 convicting him of four counts of breaking and entering and larceny; two counts of safecracking; and attaining the status of an habitual felon.

The State's evidence tended to show that in the early morning hours of 3 October 2002, defendant broke into the Carousel Cinema in Greensboro. Defendant pried open the cinema's back door to gain entry. Once inside, defendant knocked over an ATM machine that was bolted to the floor, dragged it twenty-five feet until it was out of sight, and ripped apart the ATM and stole approximately $3,700.00 to $3,800.00. Shoe prints, later determined to be consistent with defendant's, were observed on the ATM and in the hallway.

In the early morning hours of 12 November 2002, defendant broke into Harper's II Gentleman's Club in Greensboro. Defendant pried off exterior paneling and broke through the inside paneling of the building to the business. Once inside, defendant caused $250.00 worth of damage to the cash register and stole approximately eighty dollars worth of rolled quarters from behind the bar. The responding officer noticed shoe prints on paneling lying inside the business. The shoe prints were later determined to be consistent with defendant's shoes.

In the early morning hours of 18 October 2002 defendant broke into a Sprint store in Greensboro. Defendant pried open the back door of a vacant space next to the Sprint store. Defendant knocked a hole in the wall in the sheetrock between the Sprint store and an adjacent suite to gain access to the Sprint store. Once inside, defendant stopped the video security system and ejected the videotape. Defendant attempted to break into the company's safe, however, he was unsuccessful. Defendant then stole a laptop belonging to Sprint, a tote bag belonging to an employee, twenty-one telephone handsets and five DVD players. Defendant tripped the motion sensor alarm and the manager of Sprint store and the police were called to the scene. The manager determined defendant stole $4,533.90 worth of equipment as well as a computer and the manager's personal property. Shoe prints later determined to be consistent with defendant's, were found at the scene. Police officers discovered the security videotape just outside the hole in the vacant office space.

In the early morning hours of 20 December 2002 defendant broke into the same Sprint store, using the same method of entry. After defendant entered, he turned off the lights, stopped the video security system and took the videotape. Defendant pried open the store's safe and stole $9,254.73. Defendant also stole a computer, a backpack, a tote bag and the manager's personal items. After the break-in, Officer Justin Blanks of the Greensboro Police Department noticed a man wearing all black walking across a parking lot carrying a tote bag and backpack.

After Officer Blanks approached to investigate, defendant ran, dropped the tote bag and Officer Blanks pursued. Other officers arrived to assist, but defendant escaped. In the tote bag, the officers found a computer, mail belonging to the manager of the Sprint store, and the store's surveillance videotape. The officers discovered a blue Ford Explorer parked along the woods that was registered to defendant and had been recently operated. A short time later, defendant exited the woods with a flashlight and entered the Explorer. Officer Blanks then attempted to conduct a traffic stop. Defendant drove off and a vehicle chase ensued. Defendant drove behind a business and exited his vehicle. Defendant grabbed his backpack and exited the car. Officer Blanks followed defendant who jumped a fence. The officer drew his gun and told defendant to stop; however, defendant continued to run. A search of the Explorer discovered receipts from the Sprint store and defendant's driver's license. Officer Blanks identified the person on the driver's license as the person he had just chased

and was consistent with the person seen on the videotape breaking into the Sprint store.

Based on a call from police, the manager of the Sprint store came to the scene and found defendant had again broken into the store. The manager found defendant was a customer as his name (from his driver's license) was in the store's computer. It was also discovered defendant's cell phone was in use while they were in the store, about the same time as the foot chase. Upon request of the officers, the manager first disconnected defendant's cell phone service and then restored service so officers could attempt to contact defendant. When the officers were unsuccessful in contacting defendant, the manager permanently disconnected defendant's cell service. Later that day, defendant came into the Sprint store and asked why his cell phone had been disconnected. The store manager replied defendant's service was terminated because defendant had broken into the store. Defendant was silent, turned around, and left.

Defendant was sentenced to ten consecutive sentences of 168 to 211 months imprisonment and sentenced as an habitual felon. Defendant then entered an *Alford* plea of guilty to the following additional charges: nine counts of felony breaking and entering; nine counts of felony larceny; and two counts of felony possession of stolen goods. The parties agreed that the additional twenty-one felony charges would be consolidated for judgment and run concurrent with any other sentence defendant was serving. The trial court then imposed a judgment pursuant to the plea arrangement.

On appeal, defendant raises the following issues[1]: (I) whether the trial court committed plain error by failing to consider factors in mitigation when sentencing defendant; (II) whether the trial court erred in sentencing defendant in violation of the Eighth and Fourteenth Amendments; (III) whether the trial court violated criminal sentencing policies established by the legislature; and (IV) whether defendant received ineffective assistance of counsel at trial.

I

[1] Defendant contends the trial court committed plain error in sentencing by failing to consider factors in mitigation. Furthermore, defendant argues the holding in *Blakely v. Washington* requires the trial court to find factors in mitigation. *Blakely v. Washington*, 542

---

1. We note that we have reviewed and denied defendant's Motion for Appropriate Relief.

U.S. 296, 159 L. Ed. 2d 403 (2004). However, *Blakely* does not apply to this case, as defendant was sentenced within the presumptive range. However, the State argues, and we agree defendant has waived appellate review of this issue.

"[E]rror may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion." N.C. Gen. Stat. § 15A-1446(a) (2003). This Court has found "the [a]ppellate courts will not consider constitutional questions that were not raised and decided at trial." *State v. Youngs*, 141 N.C. App. 220, 540 S.E.2d 794 (2000), *appeal dismissed and disc. rev. denied*, 353 N.C. 397, 547 S.E.2d 430 (2001).

Defendant states in his brief that "[d]efendant asserts plain error," however, defendant does not make any argument in his brief to this Court regarding the prejudicial impact of the alleged plain error. Accordingly, the issue of whether any alleged errors resulted in plain error pursuant to Rule 10(d) of the North Carolina Rules of Appellate Procedure is not properly before this Court. *See State v. Cummings*, 352 N.C. 600, 637, 536 S.E.2d 36, 61 (2000) ("Defendant's empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule."). This assignment of error is overruled.

II

**[2]** Defendant next argues his felony convictions (enhanced under the habitual felon statutes) are cruel and unusual punishment and violate his Eighth Amendment rights. This Court and the North Carolina Supreme Court have consistently rejected Eighth Amendment challenges to habitual felon sentences. *State v. Hensley*, 156 N.C. App. 634, 577 S.E.2d 417, *disc. rev. denied*, 357 N.C. 167, 581 S.E.2d 64 (2003) (the defendant was sentenced to 90 to 117 months based on attaining the status of an habitual felon for the commission of a Class H felony); *State v. Clifton*, 158 N.C. App. 88, 580 S.E.2d 40 (the defendant was sentenced to two consecutive terms of a minimum of 168 to a maximum of 211 months under the habitual felon statutes for the commission of two non-violent substantive Class H felonies), *disc. rev. denied*, 357 N.C. 463, 586 S.E.2d 266 (2003). This assignment of error is overruled.

III

**[3]** Defendant contends the sentence imposed by the trial court violated sentencing policies established by the legislature and violated

**LEANDRO v. STATE OF NORTH CAROLINA**

[122 N.C. App. 1 (1996)]

defendant's due process rights. We note however, that defendant failed to object at trial and therefore has failed to properly preserve this issue for review on appeal. Further, defendant has failed to cite to any authority in his appellate brief in support of this argument. *See State v. Mack,* 161 N.C. App. 595, 589 S.E.2d 168 (2003) (trial court judgment affirmed where the defendant failed to preserve a question for appellate review in violation of N.C. R. App. P. 10(b)(1) and the defendant failed to cite authority in his brief in violation of N.C. R. App. P. 28(b)(6)). This assignment of error is overruled.

IV

**[4]** We now address defendant's claim for ineffective assistance of counsel (IAC) which is interspersed among each of defendant's assignments of error. Defendant alleges trial counsel's failure to object to defendant's sentence as a violation of the Eighth Amendment and on grounds of legislative policy considerations constitute IAC. We disagree.

To prevail on his IAC claim defendant must show that his counsel's conduct fell below an objective standard of reasonableness. *State v. Braswell,* 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citing *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674 (1984)). Defendant must satisfy the following two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Braswell* at 562, 324 S.E.2d at 248 (quotation omitted). "[E]ven an unreasonable error . . . does not warrant reversal . . . unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Id.* at 563, 324 S.E.2d at 248.

Assuming *arguendo* defense counsel's performance may have been deficient for failing to object during defendant's sentencing hearing, defendant has failed to show he was prejudiced. Four cases were joined for trial and defendant was sentenced after his conviction of ten felony offenses. The legislature has defined the purpose of sentencing:

The primary purposes of sentencing a person convicted of a crime are to impose punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

N.C. Gen. Stat. § 15A-1340.12 (2003). Defendant was sentenced within the presumptive range as a Level "VI" Habitual Felon. Following sentencing on the offenses comprising the jury verdict, defendant pled guilty to an additional twenty-one felony offenses including nine counts each of breaking and entering, felony larceny and two counts of possession of stolen goods. Pursuant to the plea arrangements, defendant's additional twenty-one felony offenses were consolidated for judgment with the original ten felony offenses, such that defendant received no additional time for these twenty-one felonies. Defendant's counsel seems to have obtained a very favorable plea bargain for defendant. Defendant has failed to show he was prejudiced. This assignment of error is overruled.

No error.

Judges HUDSON and CALABRIA concur.