STATE OF NORTH CAROLINA
v.
ROGER ALLEN SILCOX.
No. COA06-772
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.
Michael E. Casterline for defendant-appellant.
MARTIN, Chief Judge.
Defendant Roger Allen Silcox ("defendant") appeals his conviction of second-degree murder. For the reasons stated herein, we find no error by the trial court.
The State presented evidence at trial tending to show the following: On 18 January 2003, at approximately 1:30 a.m., defendant was driving northbound in the southbound lane on I-85. Lisa Delmont and Tamera Bethea were heading southbound on I-85 in their respective vehicles and had to swerve to avoid hitting defendant's vehicle, which was traveling at about 100 miles per hour. Defendant subsequently collided head-on with a vehicle operated by Lawania Turner, who died at the scene of the collision. Highway Patrol Officer Al Paterno ("Officer Paterno") testified that when he arrived on the scene he observed defendant pinned in his vehicle. Officer Paterno "detect[ed] a very strong odor of alcohol about the vehicle." EMS personnel extricated defendant from his vehicle and placed him in an ambulance. After Officer Paterno joined defendant in the ambulance, he noticed a "very strong odor of alcohol from [defendant's] breath and from his person, and it permeated in the ambulance itself." Based on his observations, Officer Paterno charged defendant with driving while impaired. Officer Paterno determined defendant was incapable of refusing to have his blood sample taken after defendant failed to state his name upon questioning three separate times. EMS personnel drew a blood sample from defendant for analysis. The State Bureau of Investigation analyzed defendant's blood sample and determined that defendant had a blood alcohol content of 0.16. At trial, defendant, through counsel, admitted he was driving "on the wrong side  direction, and struck a vehicle, and had alcohol in his system and someone died as a result of this collision."
A jury convicted defendant of second degree murder and of driving while impaired. The trial court arrested judgment on the driving while impaired conviction and sentenced defendant to a minimum term of 220 months to a maximum term of 273 months imprisonment. Defendant appeals.
First, defendant argues that the trial court erred in admitting evidence of his prior out-of-state convictions to show the malice element of second degree murder because the State failed to show that the out-of-state convictions "bore any similarity to the one at bar." We decline to consider this issue, as defendant failed to preserve this question for appellate review. According to Rule of Appellate Procedure 10(b)(1), in order to preserve a question for appellate review, the party must state the specific grounds for the ruling the party desires the court to make. N.C.R. App. P. 10(b)(1) (2006). "The defendant may not change his position from that taken at trial to obtain a 'steadier mount' on appeal." State v. Woodard, 102 N.C. App. 687, 696, 404 S.E.2d 6, 11 (1991) (quoting State v. Benson, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988)). At trial, the State offered certified copies of defendant's two New York convictions for Driving While Ability Impaired, with conviction dates of 4 April 1993 and 1 July 1998. Defendant's counsel stated, "Your Honor, we would object on the confrontation issue." Defendant did not specifically object to the admissibility of his out-of-state convictions based on the grounds that the prior convictions were not substantially similar to the offense for which he was on trial. Furthermore, defendant did not raise an objection under Rule 404(b). Because defendant failed to object on the grounds now raised, defendant has waived appellate review of this issue and it is not properly before us.
Defendant next contends the trial court erred by denying his motion to dismiss the second degree murder charge based on insufficiency of the evidence. Defendant asserts the State failed to present sufficient evidence to show malice. The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996).
"Second degree murder is an unlawful killing with malice, but without premeditation and deliberation." State v. Brewer, 328 N.C. 515, 522, 402 S.E.2d 380, 385 (1991). "Intent to kill is not a necessary element of second degree murder, but there must be an intentional act sufficient to show malice." Id. When the State seeks to prove malice in connection with the act of driving a vehicle, "the State need only show ' that defendant had the intent to perform the act of driving in such a reckless manner as reflects knowledge that injury or death would likely result, thus evidencing depravity of mind.'" State v. Miller, 142 N.C. App. 435, 441, 543 S.E.2d 201, 205 (2001) (quoting State v. Rich, 351 N.C. 386, 395,527 S.E.2d 299, 304 (2000)). It is well-established that the malice element of second degree murder in cases such as this may be proved through the introduction of prior driving convictions. See State v. Jones, 353 N.C. 159, 173, 538 S.E.2d 917, 928 (2000) (prior charge of driving while intoxicated sufficient to establish malice element of second degree murder; such evidence demonstrates "defendant was aware that his conduct leading up to the collision at issue here was reckless and inherently dangerous to human life");State v. Rich, 351 N.C. 386, 400, 527 S.E.2d 299, 307 (2000) (introduction of prior driving convictions to establish malice element of second degree murder not in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b)).
Here, the State offered evidence of defendant's prior convictions to establish defendant's awareness that his behavior leading up to the accident was wrongful and inherently dangerous to human life. The State also introduced evidence tending to show that defendant was driving down the wrong side of the interstate at a high rate of speed and that his blood alcohol concentration was 0.16, beyond the legal limit. This evidence, viewed in the light most favorable to the State, is sufficient to withstand a motion to dismiss. The trial court properly denied defendant's motion.
Finally, defendant argues that the trial court erred in failing to find mitigating factors. Here, the trial court sentenced defendant within the presumptive range for his second degree murder conviction. Defendant acknowledges this Court's holding that "the trial court is required to take 'into account factors in aggravation and mitigation only when deviating from the presumptive range in sentencing.'" State v. Chavis, 141 N.C. App. 553, 568, 540 S.E.2d 404, 415 (2000) (quoting State v. Caldwell, 125 N.C. App. 161, 162, 479 S.E.2d 282, 283 (1997)). Nevertheless, defendant asks this Court to revisit this holding, arguing that Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d. 403 (2004), requires the trial court to find factors of mitigation. Defendant's argument is without merit since the holding of Blakely does not apply to terms of imprisonment within the presumptive range. See State v. Cummings, 174 N.C. App. 772, 776, 622 S.E.2d 183, 185 (2005). Accordingly, this assignment of error is overruled.
No error.
Judges McGEE and HUNTER concur.
Report per Rule 30(e).