STATE OF NORTH CAROLINA,
v.
PHOUTTHASONG BANDON.
No. COA08-1428.
Court of Appeals of North Carolina.
Filed September 1, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Amy Bircher, for the State.
Jarvis John Edgerton, IV, for defendant.
ELMORE, Judge.
On 19 April 2004, undercover police officers purchased one fourth of a pound of marijuana from Phoutthasong Bandon (defendant). Officers purchased an additional pound of marijuana from defendant on 20 April 2004, after which defendant was arrested. For the 19 April 2004 incident, defendant was indicted for possession of a controlled substance with intent to sell and deliver, sale of a controlled substance, maintaining a vehicle used to keep controlled substances, and being a habitual felon (04 CRS 7963 and 04 CRS 7964; collectively, the April 19th charges). For the 20 April 2004 incident, defendant was indicted for possession of a controlled substance with intent to sell and deliver, two counts of selling a controlled substance, maintaining a vehicle used to keep controlled substances, and being a habitual felon (04 CRS 51048 and 04 CRS 5340; collectively, the April 20th charges).
By plea agreement, on 4 January 2005, defendant pleaded guilty to the April 20th charges of being a habitual felon and two counts of selling marijuana; in exchange for defendant's guilty plea, the State agreed to dismiss the remaining April 20th charges and not to prosecute any of the April 19th charges. The plea agreement included a prison sentence of 107 to 133 months. However, on 10 February 2005, the Department of Corrections notified the superior court clerk that the maximum sentence should be 138 months, rather than 133 months, to conform with the felony punishment chart. On 8 March 2005, Judge Beverly T. Beal issued an order for appropriate relief, concluding that the 107 to 133 month sentence in the plea agreement was not authorized by law and granting defendant a hearing to determine whether he had intended to plead guilty to 138 months' imprisonment.
Defendant refused to extend the plea's maximum sentence and said he would rather exercise his right to trial by jury; as such, Judge Beal set aside the entire plea and reinstated all April 19th and April 20th charges. The State then called the April 20th charges for trial on 17 April 2006. Defendant moved for the April 19th charges to be joined, and Judge Yvonne Mims Evans granted the motion. The State then dismissed the April 19th charges. Defendant pleaded guilty to all April 20th charges except the charge of being a habitual felon, for which he requested a jury trial. Unlike the first plea agreement, this second plea agreement did not indicate that the State would refrain from prosecuting the April 19th charges. A jury found defendant guilty of being a habitual felon, and defendant was sentenced on 18 April 2006 to 107 to 138 months' imprisonment.
On 31 May 2006, defendant was re-indicted for the April 19th charges, now calendared as cases 06 CRS 3364 and 06 CRS 3365. Assistant District Attorney Benjamin White explained, "I dismissed the [April 19th charges] after [they were] joined and then re-indicted [defendant]. And that was in order to try and get as strong as possible sentence against the defendant because he rejected the plea offer [modification from 133 to 138 months]." [MTD T10-11] Defendant moved to dismiss the April 19th charges, arguing that they violated Judge Evans's order of joinder of all charges. Judge Beal denied the motion on 11 January 2007. On 15 October 2007, defendant again moved for dismissal of the April 19th charges, alleging prosecutorial vindictiveness, but Judge Beal deferred ruling.
On 16 October 2007, defendant was found guilty by a jury on all April 19th charges except maintaining a vehicle used to keep controlled substances, and defendant was sentenced to a term of 80 to 105 months' imprisonment, to begin at the expiration of defendant's sentence for the April 20th charges. On 1 November 2007, the trial court denied defendant's motion for dismissal of the April 19th charges. Defendant appeals to this Court. For the reasons stated below, we find no error.
Defendant first argues that the trial court erred when it denied defendant's motion to dismiss the April 19th charges based on prosecutorial vindictiveness. We disagree.
Defendant argues that he was re-indicted for the April 19th charges as punishment for exercising his legal right to a trial by jury after refusing to modify the original plea agreement's maximum sentence. To support this argument, defendant relies upon the following language in Bordenkircher v. Hayes:
To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional.
434 U.S. 357, 363, 54 L. Ed. 2d 604, 610 (1978) (quotations and citations omitted). However, the next sentence of Bordenkircher elaborates, "But in the `give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Id. at 363, 54 L. Ed. 2d at 610-11. It follows that a prosecutor's behavior while negotiating a plea agreement is not unconstitutional so long as the defendant is free to accept or reject the prosecution's offer.
In Bordenkircher, the prosecutor indicted the defendant on additional charges because the defendant would not accept a plea deal. 434 U.S. at 358-59, 54 L. Ed. 2d at 607-08. The facts in Bordenkircher are substantially similar to the case sub judice in that (1) the prosecutor's vindictive motive was admitted freely, (2) the defendant was not being punished for attacking a previous conviction, and (3) the defendant was being punished for refusing to accept a plea bargain. Nevertheless, the U.S. Supreme Court still refused to find the prosecutor's vindictive motive unconstitutional in Bordenkircher because of the give-and-take nature of plea bargaining. Id. at 363, 54 L. Ed. 2d at 610.
The Supreme Court further clarified:
This Court held in North Carolina v. Pearce that the Due Process Clause of the Fourteenth Amendment requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. The same principle was later applied to prohibit a prosecutor from reindicting a convicted misdemeanant on a felony charge after the defendant had invoked an appellate remedy, since in this situation there was also a realistic likelihood of vindictiveness.
In those cases the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction  a situation very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power. The Court has emphasized that the due process violation in cases such as Pearce . . . lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction.
Id. at 362-63, 54 L. Ed. 2d at 610 (quotations and citations omitted).
As to a prosecutor's discretion when making plea agreements, the U.S. Supreme Court explained:
While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable  and permissible  attribute of any legitimate system which tolerates and encourages the negotiation of pleas. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.
. . . In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation so long as the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. To hold that the prosecutor's desire to induce a guilty plea is an unjustifiable standard, which, like race or religion, may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself. Moreover, a rigid constitutional rule that would prohibit a prosecutor from acting forthrightly in his dealings with the defense could only invite unhealthy subterfuge that would drive the practice of plea bargaining back into the shadows from which it has so recently emerged.
Id. at 364-65, 54 L. Ed. 2d at 611-12 (quotations and citations omitted; alterations in original; emphasis added).
In the present case, defendant had not successfully attacked a previous conviction. When the prosecutor re-indicted defendant on the April 19th charges, defendant had not appealed his conviction on the April 20th habitual felon charge, nor had he disputed his guilty plea for the remaining April 20th charges. There is no question that the April 19th charges were supported by the evidence and that they were not "`based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" Id. at 364, 54 L. Ed. 2d at 611 (citation omitted). The prosecutor was admittedly punishing defendant in retaliation for refusing to modify to his plea deal by extending the maximum sentence by five months, not for lawfully attacking a previous conviction. It was within the prosecutor's discretion to encourage judicial efficiency through plea agreements by prosecuting both sets of charges. Moreover, the first plea agreement was unenforceable because the sentence offered did not comply with the maximum sentence required by the Structured Sentencing Act. See N.C. Gen. Stat. § 15A-1340.13(c) (2007) (explaining that, in the case of felonies, "[t]he maximum term of imprisonment applicable to each minimum term of imprisonment is, unless otherwise provided, as specified in G.S. 15A-1340.17"); N.C. Gen. Stat. § 15A-1340.17 (2007) (giving "[p]unishment limits for each class of offense"). The act "does not provide for judicial discretion in the determination of maximum sentences." State v. Parker, 143 N.C. App. 680, 686, 550 S.E.2d 174, 177 (2001). Instead, "once a minimum sentence is determined, the `corresponding' maximum sentence is `specified' in a table set forth in the statute." Id. Our Supreme Court has explained that a defendant is not entitled to specific performance of a plea agreement if specific performance "would violate the laws of this state." State v. Wall, 348 N.C. 671, 676, 502 S.E.2d 585, 588 (1998). However, the Court in Wall suggested that the defendant might avail himself of other remedies: "He may withdraw his guilty plea and proceed to trial on the criminal charges. He may also withdraw his plea and attempt to negotiate another plea agreement that does not violate N.C.G.S. § 14-52." Id.
Accordingly, we hold that defendant's argument that he was subjected to prosecutorial vindictiveness is without merit.
Defendant next argues that the State circumvented Judge Evans's order of joinder by dismissing and then re-indicting the April 19th charges, and that the hearing court misinterpreted the law when it nonetheless denied defendant's motion to dismiss the April 19th charges. We disagree.
In defendant's motion to dismiss the re-indicted April 19th charges, he cited N.C. Gen. Stat. § 15A-926(c), which states:
(1) When a defendant has been charged with two or more offenses joinable under subsection (a) his timely motion to join them for trial must be granted unless the court determines that because the prosecutor does not have sufficient evidence to warrant trying some of the offenses at that time or if, for some other reason, the ends of justice would be defeated if the motion were granted. A defendant's failure to make this motion constitutes a waiver of any right of joinder of offenses joinable under subsection (a) with which the defendant knew he was charged.
(2) A defendant who has been tried for one offense may thereafter move to dismiss a charge of a joinable offense. The motion to dismiss must be made prior to the second trial, and must be granted unless
a. A motion for joinder of these offenses was previously denied, or
b. The court finds that the right of joinder has been waived, or
c. The court finds that because the prosecutor did not have sufficient evidence to warrant trying this offense at the time of the first trial, or because of some other reason, the ends of justice would be defeated if the motion were granted.
(3) The right to joinder under this subsection is not applicable when the defendant has pleaded guilty or no contest to the previous charge.

N.C. Gen. Stat. § 15A-926(c) (2007) (emphases added). Defendant argues that the hearing court should have dismissed the April 19th charges pursuant to N.C. Gen. Stat. § 15A-926(c)(2) because they had been, at one time, joined to the April 20th charges.
In its order denying defendant's motion, the hearing court concluded that defendant's "entry of the plea of guilty after the State unilaterally dismissed the [April 19th] charges makes the right of joinder not applicable. And if the right to joinder is not applicable, then the defendant is not entitled to seek dismissal of a joinable offense by virtue thereof." [MTD T39] We agree with the hearing court that, once the State had dismissed the joinable April 19th charges, the right of joinder was extinguished. Without a right of joinder, defendant was not entitled to dismissal of those charges if reinstated.
We are sensitive to defendant's outrage that the State would dismiss the April 19th charges after it was ordered to join them with the April 20th charges and then, after entry of his guilty plea, reinstate the April 19th charges and prosecute them. However, N.C. Gen. Stat. § 15A-926(c)(3) specifically states that "[t]he right to joinder under this subsection is not applicable when the defendant has pleaded guilty or no contest to the previous charge." N.C. Gen. Stat. § 15A-926(c)(3) (2007). Accordingly, defendant had no right to join the April 19th charges to the April 20th charges because he pleaded guilty to those charges and the statute specifies that the defendant must be tried on the previous charges, not plead guilty to them. Even if the State had not dismissed the April 19th charges, defendant would have had no right under § 15A-926(c) for their joinder or dismissal. Indeed, N.C. Gen. Stat. § 15A-926(c) "was designed to provide a means by which a defendant may protect himself from multiple trials on charges of related offenses when the charges later brought up for trial were not known to the defendant at the time of the first trial." State v. Jones, 50 N.C. App. 263, 266, 273 S.E.2d 327, 330 (1981). Defendant was fully apprised of the April 19th indictments at the time of his first trial, and, thus, this result does not contravene the purpose of section 15A-926(c).
To ensure that the State would not prosecute defendant for the April 19th charges, he could have sought a promise by the State not to proceed with those charges as part of his second plea agreement, as he had when he negotiated the first plea agreement. However, defendant did not extract such a promise from the State and did receive the benefit of his bargain with respect to the April 20th charges.
Accordingly, we hold that Judge Ervin properly denied defendant's motion to dismiss and that defendant received a trial free from error.
No error.
Judges BRYANT and CALABRIA concur.
Report per Rule 30(e).