An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1157

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.

LISTON TURNER

Duplin County
Nos. 08 CRS 51563, 51567

Appeal by Defendant from judgment entered 28 February 2013 by Judge W. Douglas Parsons in Superior Court, Duplin County. Heard in the Court of Appeals 29 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Elizabeth J. Weese, for the State.*

> *Law Office of Margaret C. Lumsden PLLC, by Margaret C. Lumsden, for Defendant-Appellant.*

McGEE, Judge.

Liston Turner ("Defendant") appeals from a judgment entered on resentencing. Defendant raises as errors the trial court's determination that Defendant was a prior record level VI offender and the habitual felon sentence imposed. We affirm the judgment.

A jury found Defendant guilty of breaking and/or entering, larceny pursuant to breaking and/or entering, and possession of stolen goods on 29 April 2009. Defendant subsequently pleaded guilty to attaining habitual felon status. At Defendant's sentencing hearing, the trial court found that Defendant had six prior Class H or I felony convictions resulting in twelve points and seven prior Class A1 or 1 misdemeanor convictions resulting in seven points, for a total of nineteen points and a corresponding prior record level VI. The trial court arrested judgment on the possession of stolen goods conviction, consolidated the remaining convictions for judgment, and sentenced Defendant to 168 to 211 months in prison. This Court found no error on appeal. *State v. Turner*, ___ N.C. App. ___, 723 S.E.2d 583 (2012) (COA 11-1205) (unpublished) (*Turner* I).

Defendant subsequently filed a motion for appropriate relief (MAR) with the trial court. Defendant argued, in part, that his prior record level was incorrectly calculated. The trial court denied the MAR. Defendant then filed a petition for writ of certiorari with this Court seeking review of the order denying his MAR. By order filed 23 January 2013, this Court allowed the petition, stating: "It appearing that [Defendant] was incorrectly sentenced as a Prior Record Level VI felon (6

rather than 7 misdemeanor points) the judgment [] is remanded for resentencing."

The trial court held a resentencing hearing on 28 February 2013. The State introduced a new sentencing worksheet. Specifically, the State presented evidence of one point for a Class 1 misdemeanor conviction for possession of drug paraphernalia in Duplin County on 19 December 2006, and one point for the fact that "the elements of the present offense are included in any prior offense[.]" Based on the new worksheet, the trial court concluded Defendant had twenty prior record points and was a prior record level VI. Defendant was resentenced as an habitual felon to 168 to 211 months in prison.

Defendant first contends the trial court erred in resentencing him as a prior record level VI. Defendant asserts this Court's "decision that [D]efendant should be sentenced at record level V was law of the case binding on the trial judge at resentencing[.]" We disagree.

"For all intents and purposes the resentencing hearing is *de novo* as to the appropriate sentence." *State v. Mitchell*, 67 N.C. App. 549, 551, 313 S.E.2d 201, 202 (1984). "[T]he resentencing court must take its own look at the evidence[.]"

*State v. Daye*, 78 N.C. App. 753, 756, 338 S.E.2d 557, 560, *aff'd per curiam*, 318 N.C. 502, 349 S.E.2d 576 (1986).

Defendant misinterprets this Court's 23 January 2013 order. Contrary to Defendant's assertion, this Court did not order the trial court to resentence Defendant at a prior record level V. Rather, this Court determined that Defendant's prior sentencing worksheet showed Defendant had six, not seven, prior misdemeanor convictions and remanded the case for resentencing. The trial court subsequently held a resentencing hearing in accordance with this Court's order. As a *de novo* proceeding, the trial court evaluated the new sentencing worksheet. The trial court did not err in holding a *de novo* resentencing hearing, determining Defendant had twenty prior record level points, and sentencing Defendant at a prior record level VI.

Defendant also contends his sentence as an habitual felon violates his right against cruel and unusual punishment because the sentence was grossly disproportionate to the crime. We disagree.

"This Court and the North Carolina Supreme Court have consistently rejected Eighth Amendment challenges to habitual felon sentences." *State v. Cummings*, 174 N.C. App. 772, 776, 622 S.E.2d 183, 185-86 (2005). Similarly, our appellate courts

have previously held that a sentence imposed within the presumptive range of the Structured Sentencing Act does not violate the Eighth Amendment. *See State v. Evans*, 162 N.C. App. 540, 544, 591 S.E.2d 564, 567 (2004) ("North Carolina courts have consistently held that when a punishment does not exceed the limits fixed by the statute, the punishment cannot be classified as cruel and unusual in a constitutional sense."). "[T]his Court has on several occasions affirmed the sentence of a defendant as an habitual felon where the defendant was convicted of an underlying Class H or Class I felony." *State v. Clifton*, 158 N.C. App. 88, 95-96, 580 S.E.2d 40, 46 (2003) (upholding a sentence of two consecutive terms of 168 to 211 months' active imprisonment).

In this case, Defendant was sentenced to 168 to 211 months' imprisonment not only because of the two Class H felonies committed in 2008, but also due to his significant criminal history. The trial court did not err in sentencing Defendant as an habitual felon.

Affirmed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).