We are informed that the proofs in this cause establish as a fact the finding of the stolen property in the house of the defendant, where he and his wife alone resided, and the exception to the (237) charge of the judge is that he regarded this as a possession by the defendant, and authorized the jury so to assume.
We do not think this is erroneous. The sense of the term possession in this connection is not necessarily limited to custody about the person. It may be of things elsewhere deposited, but under the control of a party. It may be in a storeroom or barn, when the party has the key. In short, it may be in any place where it is manifest it must have been put by the act of the party or with his undoubted concurrence. See S. v. Williams,47 N.C. 194, and cases referred to in Waterman's notes to 2 Archbold's Criminal Pr. and Pl., 369. *Page 145 
We think the case before us falls within the scope of the decided cases, and that it is proper to hold one responsible as the possessor of property, when it is found in his dwelling house under the circumstances stated in this case. It consists with reason, policy, and the just rights of persons to hold as a legal presumption that the property must have been put there by his act or his concurrence.
This disposes of the only exception which appears upon the record, and there is nothing in other portions of the judge's charge of which the defendant can properly complain. It is clearly in accordance with well settled principles of evidence. Possession of stolen property, although not so recent as to raise a legal presumption of the taking, is nevertheless evidence to be considered in connection with other evidence upon that point. It is of very frequent occurrence on the circuits that a part of the evidence in cases of larceny consists of proof that the stolen property was found in the house of the accused, either before or after his apprehension, and question has rarely been made in our courts, so far as I am aware, of its competency. At any rate, it is now settled to be admissible, be the time longer or shorter, and however insufficient it may be "per se" after a considerable lapse of time. Such a (238) possession, of course, is more or less cogent, according to the lapse of time, the nature of the house, and the condition of the household, the manner of keeping the lost property, proximity to the place of taking, the probability or improbability of representations to account for the possession, the character of the accused, and the like. Such matters of proof might give significance to a possession, which would be of itself of slight import; and all such evidence is, therefore, competent, and may be sufficient to satisfy a jury of the felonious taking by the person who is fixed with the possession. There was evidence of this character in the cause. It appears to have been fairly laid before the jury, according to the view here taken, and the jury have come to a conclusion with which we have no right to interfere, if we had the inclination.
PER CURIAM. No error.
Cited: S. v. Brown, 76 N.C. 226; S. v. Rights, 82 N.C. 678. *Page 146