STATE OF NORTH CAROLINA v. JAMES EARL HARRIS

No. 7917SC1152

(Filed 3 June 1980)

1. **Homicide § 21.7– second degree murder – sufficiency of evidence**

    The State's evidence was sufficient for the jury on the issue of defendant's guilt of second degree murder by stabbing deceased with a knife.

2. **Homicide § 28.1– self-defense – requested instructions given in substance**

    The trial court in substance gave defendant's requested instructions on self-defense.

3. **Homicide § 24.1 – instructions – presumptions of malice and unlawfulness**

    In instructing the jury on the presumptions of malice and unlawfulness arising upon proof of a killing by the intentional use of a deadly weapon, the trial court did not fail to place the burden of proof of malice on the State in instructing that "if nothing else appears the defendant would be guilty of second degree murder."

4. **Homicide § 19– nature and customs of area — incompetency**

    Evidence in a homicide case as to the nature and customs of the area in which the crime occurred did not relate to defendant's state of mind in relation to his plea of self-defense and was properly excluded by the court.

APPEAL by defendant from *Albright, Judge.* Judgment entered 8 March 1979 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 22 April 1980.

Defendant was charged with the offense of murder in the first degree of one Clifford Neal and was tried for and convicted of the offense of murder in the second degree.

The State's evidence tended to show from the testimony of four witnesses: that on the night of 7 December 1978, they were at The Spot, a beer establishment in Reidsville; that they saw deceased and Gerald Hairston standing in a booth talking; and that defendant then reached over Hairston and stabbed deceased with a knife. Defendant then left The Spot, and deceased asked someone to take him to the hospital. In a statement given by these witnesses to police officers, they indicated that deceased and Hairston were arguing when defendant stabbed him. The deceased died later the same evening from loss of blood caused by the knife wound under his collarbone on the right side. Deceased had been drinking.

Defendant testified: that prior to 7 December 1978, he had known deceased several weeks; that deceased was at least four inches taller than he and was older; that when defendant lived next to deceased in a trailer park, deceased came over to his trailer and threatened to kill him several weeks prior to 7 December 1978; and that he had heard that deceased had kidnapped a girl and had a reputation for violence. On 7 December 1978, defendant saw deceased in an alley. Deceased pulled a gun on him, and defendant then walked away. Later, defendant went to The Spot and left when he saw deceased walk in. Defendant returned an hour or so later. When he entered The Spot, he saw deceased and Hairston arguing. Defendant walked past the two men and heard deceased say, "'[Y]ou too, [M.F.].'" Deceased turned toward defendant and started toward his (deceased's) pocket. Defendant stabbed him with a seven-inch knife, because he thought deceased was reaching for a gun. Defendant stated that he stabbed deceased in the shoulder, not intending to kill him. Defendant admitted that he had been convicted of assault, larceny, and driving without a license.

A police officer testified that he knew the deceased and that from what he had read and heard about deceased, he had a reputation for being a dangerous and violent fighting man.

Defendant's other evidence tended to show that the deceased jumped up from the booth and reached in his pocket when defendant walked in.

From an active prison sentence of not less than 60 years nor more than 80 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Bethea, Robinson, Moore & Sands, by Alexander P. Sands III, for defendant appellant.*

ERWIN, Judge.

Defendant presents five questions for our determination on his appeal.

State v. Harris

**[1]**  The evidence, when considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, was sufficient to submit the case to the jury and to support a verdict thereon. *State v. Hunter,* 290 N.C. 556, 227 S.E. 2d 535 (1976). The trial court properly denied defendant's motion for judgment of nonsuit at the close of all the evidence. This assignment of error is without merit.

**[2]**  Defendant contends that the trial court committed error in its charge by failing to instruct the jury in accordance with his request. The record shows that after the court had instructed the jury, it asked: "Now anything further for the defendant? MR. SANDS: No, sir, Your Honor." The jury was excused to consider the case. The record shows the following:

"REQUEST FOR JURY INSTRUCTIONS

The defendant hereby requests the Court to instruct the jury with regards to self-defense as follows: As contained in the case of *State v. Terrell,* 212 NC 145 (1937) beginning with the last paragraph on page 149 and the remaining part of that paragraph on page 150 as underlined in the attached exhibit.

[The defendant also requests the court to charge the following:

'It may justify the use of a deadly weapon in self defense when assaulted by a person of larger size or of greater strength, although such person may be unarmed.' *S. v. Miller,* 221 NC 356, 358, (1942)]

Court did not give this requested instruction. EXECPTION NO. 17"

Requests for special instructions must be in writing and must be submitted before the beginning of the charge by the court. G.S. 15A-1231(a); *State v. Jackson,* 30 N.C. App. 187, 266 S.E. 2d 543 (1976). The purpose of an instruction is to clarify the issues for the jury and to apply the law to the facts of the case. *State v. Cousin,* 292 N.C. 461, 233 S.E. 2d 554 (1977); *State v.*

*Britt*, 285 N.C. 256, 204 S.E. 2d 817 (1974). The law requires the trial judge to clarify and explain the law arising on the evidence. *State v. Harrill*, 289 N.C. 186, 221 S.E. 2d 325 (1976), *modified*, 428 U.S. 904, 49 L. Ed. 2d 1211, 96 S.Ct. 3212 (1976). We hold that the court charged in substance on the matters as requested by defendant; and as a result thereof, we find no error.

[3] Defendant contends that the court erred in failing to properly place the burden of proof on the State with regard to the element of murder in the second degree. We glean from defendant's brief that he complains of the following portion of the court's instructions.

> "Now members of the jury, if the State proves beyond a reasonable doubt or it is admitted that the defendant intentionally killed Clifford Neal with a deadly weapon or intentionally inflicted a wound upon Clifford Neal with a deadly weapon that proximately caused his death you may, but need not infer, first that the killing was unlawful and second that it was done with malice. And if nothing else appears the defendant would be guilty of second degree murder."

We note that the court charged in part as follows following the above complained of charge:

> "Now members of the jury, the defendant contends that the stabbing of Clifford Neal was done in lawful self-defense. I charge you that if the defendant acted lawfully in self-defense his actions are excused and he is not guilty.

> \*   \*   \*

> Now members of the jury, the burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self-defense. However, if the State proves beyond a reasonable doubt that the defendant though otherwise acting in self-defense used excessive force or was the aggressor, though he had no murderous intent when he entered the fight, the defendant would be guilty of voluntary manslaughter.

So then members of the jury, I charge you if you find from the evidence and beyond a reasonable doubt that on or about December 7, 1978, James Earl Harris intentionally and with malice and without justification or excuse stabbed Clifford Neal with a knife, thereby proximately causing Clifford Neal's death, it would be your duty to return a verdict of guilty of second degree murder."

When the entire charge is considered, we do not conclude that the phrase, "and *if* nothing else appears the defendant would be guilty of second degree murder" (emphasis added), creates an impermissible presumption of malice against defendant. The logical inferences from the fact of an intentional infliction of a wound which proximately resulted in death remains and may be weighed against the evidence of self-defense. The jury was required by the charge to consider all of the evidence presented by the State and defendant. We hold that the entire charge, when considered as a whole, is without error. *See State v. Slade,* 291 N.C. 275, 229 S.E. 2d 921 (1976).

[4] Defendant assigns as error the court's failing to permit the defendant to introduce evidence as to the nature of the area and customs therein where the alleged crime occurred. We do not find error.

The record reveals several exceptions based on objections sustained by the trial court to questions propounded by defense counsel. This ordinarily means that the answers the witnesses would have given should be made a part of the record. This applies not only to direct examination but also to cross-examination. *State v. Little,* 286 N.C. 185, 209 S.E. 2d 749 (1974), *reh. denied,* 286 N.C. 548 (1975); *State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20 (1972); 1 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 26. Here, the answers were not made a part of the record; therefore, these exceptions are not before us.

The record shows the following with reference to Exception No. 10:

"THE JURY LEFT THE COURTROOM.

COURT: Let the record show the following takes place in the absence of the jury.

EXCEPTION NO. 10"

Four pages of questions and answers follow. The jury returned to open court. The questions propounded in the absence of the jury were not repeated after the jury returned. The court did state, "I will sustain an objection to that also. I don't know of any theory of law that lets in the reputation of some area." Defendant did not attempt to explain any personal knowledge or fears he had concerning the nature of the area. This offered and excluded testimony is irrelevant. Defendant did not carry a knife because the area was dangerous. Defendant testified: "As to why I stabbed him, well I didn't have a reason, I stabbed because I thought he was going to shoot me, he had drawed a gun on me before so I thought that he was going back after me." To us, the evidence offered did not in any way relate to defendant's state of mind in relation to his plea of self-defense. *Cf. State v. Miller*, 282 N.C. 633, 194 S.E. 2d 353 (1973).

We have considered all other assignments of error as contended by defendant and find no error in any of them.

In the trial of defendant, we find no prejudicial error.

No error.

Judges HEDRICK and ARNOLD concur.