STATE OF NORTH CAROLINA v. KENNETH EDWARD LYTTON

No. 8727SC667

(Filed 16 February 1988)

**Larceny § 7.10— possession of recently stolen property—four days between taking and possession—sufficiency of evidence**

    Evidence was sufficient to raise the doctrine of possession of recently stolen property where it tended to show that only defendant and his cohort in crime exercised any possession or control over stolen guns; the interval between the larceny and defendant's possession could have been as long as four days; and this possession was soon enough to support an inference that defendant helped steal the guns.

APPEAL by defendant from *Lamm, Judge.* Judgment entered 11 May 1987 in Superior Court, GASTON County. Heard in the Court of Appeals 10 December 1987.

*Attorney General Thornburg, by Special Deputy Attorney General Guy A. Hamlin, for the State.*

*R. Locke Bell for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of feloniously stealing two .22 rifles, two Remington shotguns, and several other articles from the home of Jim Funderburk near Bessemer City on or about the 4th day of December 1986. That the articles were stolen from Funderburk's house between 30 November 1986 and 5 December 1986 while Funderburk was out of state is not questioned. What is questioned by defendant's only assignment of error is whether the evidence was sufficient to raise the doctrine of "recent possession," which permits the jury to infer that one who possesses stolen goods recently after their larceny did the stealing. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972). The evidence was sufficient to raise the doctrine in our opinion and the assignment is overruled.

In addition to showing that Funderburk's home was broken into and his guns and other articles stolen, *the State's evidence,* in pertinent part, indicates that: Defendant, Joe Teague, and another man lived with defendant's half-sister in a trailer in Bessemer City that she rented; around 8 o'clock in the evening of 4 December 1986 defendant was arrested on the streets of Bessemer City for driving while impaired and he remained in custody until about 1 o'clock the next morning when Jimmy Bell picked him up at the jail and drove him home; on the way defendant asked Bell if he wanted to buy some guns, but Bell said he did not because he had no money; nevertheless, when they got to the trailer Bell went in with defendant and looked at the guns, which were standing up in a closet; the trailer was a "little old bitty" thing and the other three occupants were all there; Bell went back to the trailer the next day and bought two of the guns and the day after that he went back and bought the other two; in the first transaction defendant and Teague established the price of the guns at "$150 and something," Bell told defendant he would give $125, defendant checked the price with Teague, and Bell handed defendant the money; in the second purchase Bell gave the money to Teague. *Defendant's evidence* indicates that Teague pled guilty to breaking into Funderburk's house and stealing the guns and was then in prison.

Defendant contends that the evidence fails to raise the recent possession doctrine in two respects, the first of which is that it does not show that the stolen property was in his *exclusive* custody or possession, as *State v. Maines,* 301 N.C. 669, 273 S.E. 2d 289 (1981) requires. But *exclusive* possession does not necessarily mean sole possession, as that decision makes clear; it means possession "to the exclusion of all persons not party to the crime," *State v. Maines, supra,* at 675, 273 S.E. 2d at 294, and the evidence here tends to meet that test. For Teague was a party to the crime and the evidence does not suggest that anyone other than defendant and Teague possessed, controlled, or had anything to do with the guns; instead, it tends to show that only they had and controlled the guns by showing them to Bell, offering to sell them, setting their price, and receiving the purchase money. The other contended deficiency in the evidence is that it does not show that defendant's possession of the guns was soon enough after their larceny to be "recent." The interval between the

larceny and defendant's possession according to the evidence could have been as long as four days; for the guns could have been stolen the day Funderburk left town and defendant offered to sell them immediately after leaving the jail, which indicates that he had them before he was arrested the evening before. What period after a larceny is recent depends upon the circumstances, *State v. Blackmon*, 6 N.C. App. 66, 76, 169 S.E. 2d 472, 479 (1969), and since guns are not usually traded between individuals as easily and often as many other articles, we believe that the evidence is sufficient to show that defendant's possession of the guns was soon enough after their larceny to support the inference that he helped steal them.

No error.

Judges EAGLES and PARKER concur.