**STATE v. FOSTER**

[149 N.C. App. 206 (2002)]

STATE OF NORTH CAROLINA v. CHARLES RANDALL FOSTER

No. COA01-594

(Filed 5 March 2002)

## 1. Sentencing— presumptive range—written findings not required

The trial court did not abuse its discretion in a felonious breaking and entering, felonious larceny, and felonious possession of stolen goods case by allegedly sentencing defendant in excess of the amount allowed by law, because: (1) the trial court imposed the minimum sentence of 116 months found within the presumptive range and properly imposed the corresponding maximum term of imprisonment of 149 months as set forth under N.C.G.S. § 15A-1340.17(e); and (2) the trial court is not required to make written findings when sentencing within the presumptive range.

## 2. Criminal Law— jury instruction—doctrine of recent possession

The trial court did not err in a felonious breaking and entering, felonious larceny, and felonious possession of stolen goods case by failing to additionally instruct the jury on the doctrine of recent possession that the goods must be found in defendant's possession to the exclusion of others, because: (1) the evidence does not suggest that anyone other than defendant or the two passengers in his truck possessed or controlled the stolen items seen in the back of the truck defendant was driving; and (2) defendant's request for an additional instruction came after the jury charge, and requests for special instructions must be in writing and submitted before the beginning of the charge by the court.

## 3. Evidence— hearsay—larceny—issue of consent to taking and carrying away of property

The trial court did not err in a felonious breaking and entering, felonious larceny, and felonious possession of stolen goods case by admitting alleged hearsay statements of a detective that the victim owner of the stolen property stated that the tires and rims were definitely his when defense counsel attempted to point out during cross-examination of the detective that the tires and rims were not sufficiently identifiable as the property stolen for

determining whether the victim consented to the taking and carrying away of the property, because: (1) the fruits of the crime must be firmly established before the presumption of recent possession will apply, and it is not necessary that stolen property be unique to be identifiable; and (2) there was sufficient evidence that the victim owner did not consent to the taking and carrying away of the property, including the facts that the owner called the sheriff's department to report the stolen property and defendant told the detective he did break into the owner's business.

Appeal by defendant from judgments entered 30 November 2000 by Judge Zoro J. Guice, Jr. in Henderson County Superior Court. Heard in the Court of Appeals 13 February 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Ann Stone, for the State.*

*Wade Hall, for defendant-appellant.*

TYSON, Judge.

## I. Facts

On 10 December 1999, Charles Wilkie ("Wilkie") closed up Jake's Driving Range, his place of employment. The next morning, 11 December 1999, Wilkie returned to work and observed the garage door standing open and windows in the garage door broken. Wilkie called Mike Justice ("Justice"), the owner of the driving range. Justice came to the driving range and called the sheriff's department. A John Deere riding mower, Lawn Boy push mower, truck tires and rims, a four-wheeler, an eight foot trailer, a pressure washer, and a welder had been stolen.

In the early morning hours on 11 December 1999, Charles Randall Foster ("defendant") was found in the driver's seat of a white truck containing a set of tires and rims, and a Lawn Boy push mower. Officer Larry Pearson noticed the truck sitting in the parking lot of Hill's Body Shop. Officer Johnny Duncan responded as back up. The officers asked defendant why they were sitting in the parking lot of a closed business. Defendant and two passengers were not detained.

Defendant was eventually charged with felonious breaking and entering, felonious larceny, and felonious possession of stolen goods. Defendant did not testify or offer evidence at trial. The jury found defendant guilty of all charges.

**STATE v. FOSTER**

[149 N.C. App. 206 (2002)]

Defendant was sentenced to a minimum of 116 months and maximum of 149 months for felonious breaking and entering. Defendant was also sentenced to a minimum of 116 months and maximum of 149 months for felonious larceny and possession of stolen goods, to run consecutively. Defendant appeals. We find no error.

## II. Issues

The issues presented are whether: (1) the sentence imposed by the trial court is in excess of that allowed by law and is not supported by competent evidence, (2) the trial court erred in its instruction to the jury on the doctrine of recent possession, and (3) the trial court erred in admitting hearsay statements.

Defendant's assignment of error regarding the submission of felonious larceny on the basis that there was no competent evidence that the value exceeded $1,000 was not argued in his brief and is abandoned. N.C.R. App. P. 28 (b)(5) (1999). Defendant also argues in his brief that the trial court erred in denying his motion to dismiss at the close of all the evidence. Defendant did not raise this as an assignment of error in the record on appeal. Accordingly, this question is not before us for review. N.C.R. App. P. 10(a) (1999).

## III. Sentencing

[1] Defendant first argues that the sentence is in excess of that allowed under the law. First, defendant contends that the sentence exceeds the maximum aggravated range for a class C, level III felony listed in N.C.G.S. § 15A-1340.17 (c) without any finding of aggravating or mitigating factors. Second, defendant argues that the departure from the presumptive range is not supported by competent evidence and written findings. These arguments are without merit.

Here, the trial court did not find any aggravating or mitigating factors and did not make any written findings. N.C.G.S. § 15A-1340.17 provides the punishment limits for each class of offense and prior record level. N.C.G.S. § 15A-1340.17(c)(2) expressly states that the ranges listed are minimum durations:

(2) A presumptive range of minimum durations, if the sentence of imprisonment is neither aggravated or mitigated; any minimum term of imprisonment in that range is permitted unless the court finds pursuant to G.S. 15A-1340.16 that an aggravated or mitigated sentence is appropriate.

N.C. Gen. Stat. § 15A-1340.17(c)(2) (1999).

The trial court, within its discretion, imposed the minimum sentence of 116 months found within the presumptive range. *State v. Parker*, 143 N.C. App. 680, 685-86, 550 S.E.2d 174, 177 (2001) (citing *State v. Caldwell*, 125 N.C. App. 161, 162, 479 S.E.2d 282, 283 (1997)). N.C.G.S. § 15A-1340.17(e) lists the corresponding maximum term for each minimum term found in section c. The trial court properly imposed the corresponding maximum term of imprisonment of 149 months. *See* N.C. Gen. Stat. § 15A-1340.17(e) (1999). The trial court is not required to make written findings when sentencing within the presumptive range. *See* N.C. Gen. Stat. § 15A-1340.16(c) (1999); *State v. Brown*, 146 N.C. App. 590, 594, 553 S.E.2d 428, 431 (2001). This assignment of error is rejected.

## IV. Jury Instruction

**[2]** Defendant contends that the trial court erroneously instructed the jury under the doctrine of recent possession when it failed to instruct that the goods must be found in defendant's possession "to the exclusion of others."

The doctrine of recent possession of stolen property "allows the jury to presume that the possessor of stolen property is guilty of larceny." *State v. Callahan*, 83 N.C. App. 323, 325, 350 S.E.2d 128, 130 (1986) (citing *State v. Williamson*, 74 N.C. App. 114, 327 S.E.2d 319 (1985)). The State is required to prove: "(1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others . . . and (3) the possession was discovered recently after the larceny . . . ." *State v. Maines*, 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981).

Exclusive possession does not necessarily mean sole possession. Exclusive possession means possession "to the exclusion of all persons not party to the crime." *Id.* at 675, 273 S.E.2d at 294. The evidence here tends to meet that test. Defendant and the two other passengers in the truck were all a party to the crime. The evidence does not suggest that anyone other than defendant or the other passengers possessed or controlled the tires, rims, and Lawn Boy seen in the back of the truck defendant was driving.

The trial court properly instructed the jury that for the doctrine of recent possession to apply, the State must prove: (1) that the property was stolen, (2) that defendant had possession of the property and that "a person possess property when he is aware of its presence and

has either by himself, or together with others both the power and intent to control its disposition or use," and (3) that defendant had possession of the property soon after it was stolen, "under such circumstances as to make it unlikely that he obtained possession honestly." Defendant does not argue that the evidence did not support an instruction to the jury on the doctrine of recent possession. Defendant's request for an additional instruction that he had possession of the stolen property "to the exclusion of others" came after the jury charge and was properly denied. *See State v. Harris*, 47 N.C. App. 121, 123, 266 S.E.2d 735, 737 (1980) (requests for special instructions must be in writing and must be submitted before the beginning of the charge by the court). This assignment of error is overruled.

### V. Hearsay Statements

**[3]** Defendant objects to a statement made by Detective Becky Poole that Justice said the tires and rims recovered "were definitely his" as inadmissible hearsay being asserted for the truth of the matter.

Defendant on cross-examination attempted to point out that the tires and rims were not sufficiently identifiable as the property stolen:

Defendant's Counsel: Well, you can't say these are exactly the same wheels, there's no exact markings—no markings given to you; were there?

Poole: That's when we call on the victim. We rely on the victim to I.D. his property, which he did. He said those were definitely his tires.

It has been recognized that the fruits of the crime must be firmly established before the presumption of recent possession will apply. *State v. Jones*, 227 N.C. 47, 49, 40 S.E.2d 458, 460 (1946). However, "[i]t is not necessary that stolen property be unique to be identifiable. Often stolen property consists of items which are almost devoid of identifying features, such as coins and goods which are mass produced and nationally distributed under a brand name." *State v. Crawford*, 27 N.C. App. 414, 415, 219 S.E.2d 248, 249 (1975). Other evidence presented at trial may be used to establish the identity of the stolen items. *Id.*

Here, Wilkie testified that a John Deere tractor, a Lawn Boy, some truck tires and rims, a new pressure washer, a welder, and several

DEEP RIVER CITIZEN'S COALITION v. N.C. DEP'T OF ENV'T & NATURAL RES.

[149 N.C. App. 211 (2002)]

other items which belonged to Justice were stolen. Detective Poole testified that she returned the tires and rims to Justice after photographing the property in his presence.

Defendant argues that the hearsay statement invaded the province of the jury in determining an element of larceny: whether the victim, Justice, consented to the taking and carrying away of the property. We disagree.

Justice, after receiving a call from Wilkie, went to the driving range and called the sheriff's department. Additionally, Detective Poole testified that in questioning defendant about the breaking and entering at Jake's Driving Range, defendant told her that "he did break into Jake's." We conclude that there was sufficient evidence that the victim, Justice, did not consent to the taking and carrying away of the property. This assignment of error is overruled.

No error.

Judges WYNN and TIMMONS-GOODSON concur.