STATE OF NORTH CAROLINA
v.
QUINTIS TRAVON SPRUIELL.
No. COA08-1244
Court of Appeals of North Carolina
Filed May 19, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Ronald M. Marquette, for the State.
Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for Defendant-Appellant.
McGEE, Judge.
Quintis Travon Spruiell (Defendant) was found guilty by a jury of the first-degree murder of Ricardo Ernesto Sanchez Zelaya (Sanchez), felonious possession of a firearm by a convicted felon, and felonious discharge of a weapon into occupied property on 6 February 2008. Defendant was convicted of first-degree murder on the basis of the felony murder rule. The trial court arrested judgment on Defendant's conviction of felonious discharge of a weapon into occupied property, merged it with Defendant's first-degree murder conviction, and sentenced Defendant to life imprisonment without parole. The trial court sentenced Defendant to a consecutive sentence of fifteen months to eighteen months in prison for possession of a firearm by a convicted felon. Defendant appeals.
At trial, the State presented the following evidence. Jose Lopez (Lopez) testified that Sanchez called him to pick Sanchez up from a store in Sanford and drive Sanchez to a nearby car wash on 1 November 2005. Lopez knew that Sanchez intended to sell drugs at the car wash. Once Lopez and Sanchez arrived at the car wash, Lopez remained in the driver's seat and Sanchez sat in the back seat on the passenger side of the vehicle. Sanchez called Defendant over to the vehicle. Lopez saw Defendant holding a black revolver. Defendant and Sanchez argued and Defendant shot Sanchez in the stomach "through the window" of Lopez's vehicle. Defendant was also shot during the altercation.
Lopez drove back to the store where he had picked up Sanchez to pick up Sanchez's girlfriend. Lopez drove Sanchez and his girlfriend to a hospital. On the way to the hospital, Lopez threw out Sanchez's gun. After leaving Sanchez and his girlfriend at the hospital, Lopez noticed some shell casings inside his vehicle. Lopez threw the shell casings into the grass. Sanchez later died at the hospital.
The forensic pathologist who performed Sanchez's autopsy testified that a gunshot wound to the right side of Sanchez's abdomen was the cause of death. The bullet removed from Sanchez's body was a .38 caliber. Defendant did not present any evidence.

I.
Defendant argues in his assignment of error number nine that the trial court erred in denying his request for an instruction on self-defense with respect to the underlying felony of discharging a weapon into occupied property.
During the initial charge conference, Defendant confirmed that he wanted the trial court to instruct the jury on self-defense as it related to first-degree murder, second-degree murder, and voluntary manslaughter. The trial court read the proposed jury instruction for felonious discharge of a weapon into occupied property. Defendant confirmed that a jury instruction which included the language "without justification or excuse" for Defendant's charge of felonious discharge of a weapon into occupied property "sound[ed] good." At the initial charge conference, Defendant did not ask the trial court to instruct the jury that self-defense would be a legal justification or excuse for the offense of felonious discharge of a weapon into occupied property. The trial court instructed the jury as agreed in the initial charge conference, along with other relevant instructions.
After beginning deliberations, the jury requested a reinstruction on felony murder. Before reinstructing the jury, the trial court offered Defendant an opportunity to suggest additions or changes to the reinstruction. Defendant did not request any modification to the jury reinstruction. The trial court reinstructed the jury on felony murder and felonious discharge of a weapon into occupied property, including that the State must prove Defendant discharged the firearm "without justification or excuse." The jury then returned to the jury room.
After the reinstruction, Defendant requested that the trial court bring the jury back into the courtroom to clarify that self-defense would be a legal "justification or excuse" and to give the jury the pattern jury instruction on self-defense. The State objected that Defendant's proposed instructions clarifying "justification or excuse" would not be reinstructing the jury but rather would constitute additional instructions. The State also expressed concern that giving an unrequested self-defense instruction to the jury would unnecessarily highlight and emphasize Defendant's self-defense theory. The trial court denied Defendant's request to clarify "justification or excuse" but agreed to give the jury an additional instruction on self-defense. Defendant agreed he wanted the trial court to reinstruct the jury on self-defense. The jury was brought back into the courtroom and reinstructed on self-defense. The trial court then ordered a recess.
After the recess, the trial court again considered Defendant's argument to include clarification that self-defense would be a legal "justification or excuse" in additional jury instructions. The State requested the jury be reinstructed on felony murder and self-defense consecutively to minimize jury confusion. The trial court again denied Defendant's request to add the requested clarifying language. However, the trial court reinstructed the jury on felony murder followed immediately by the self-defense instruction. The trial court's instruction on self-defense began: "[D]efendant's actions are excused and he is not guilty if he acted in self-defense." (emphasis added). N.C. Gen. Stat. § 15A-1231(a) states: "At the close of the evidence or at an earlier time directed by the judge, any party may tender written instructions." N.C. Gen. Stat. § 15A-1231(a) (2007). In State v. Harris, the defendant failed to make a written request for special instructions prior to the jury charge. State v. Harris, 47 N.C. App. 121, 123, 266 S.E.2d 735, 737 (1980), cert. denied, 305 N.C. 762, 292 S.E.2d 577 (1982). Immediately after the jury instructions the trial court asked, "Now anything further for the defendant?" Id. The defendant's counsel replied, "No sir." Id. After the jury was excused, the defendant made a written request for jury instructions regarding self-defense. Id. The trial court refused the defendant's untimely request. Id. Our Court said:
Requests for special instructions must be in writing and must be submitted before the beginning of the charge by the court. The purpose of an instruction is to clarify the issues for the jury and to apply the law to the facts of the case. The law requires the trial judge to clarify and explain the law arising on the evidence.
Id. at 123-24, 266 S.E.2d at 737 (citations omitted). Our Court held that the trial court charged the jury in substance on the matters as requested by the defendant and therefore did not err. Id. at 124, 266 S.E.2d at 737.
In the present case, Defendant did not request the additional instruction until after the initial charge and the first reinstruction were completed. Nonetheless, the trial court granted part of Defendant's request and twice reinstructed the jury on self-defense. The trial court's instruction on self-defense specifically stated that "Defendant would be excused of first-degree and second-degree murder on the grounds of self-defense." The trial court's instruction also stated: "Defendant's actions are excused and he is not guilty if he acted in self-defense." (emphasis added). The trial court's instruction included the substance of Defendant's request clarifying the self-defense instruction. Because the jury was adequately instructed on the principles of self-defense we find no error. Defendant's assignment of error number nine is overruled.

II.
Defendant argues in his assignment of error number one that the trial court erred in denying his request to question the State's witnesses about whether Defendant gave voluntary statements after the shooting. However, the transcript shows that while the trial court denied Defendant's request to admit the substance of Defendant's statements during motions in limine, the trial court granted Defendant's request to cross-examine the State's witnesses about whether Defendant actually gave statements. The trial court said: "[T]he only thing you could do is [ask] . . . [d]id he make a statement, yes or no. Not . . . anything in terms of what that statement says." Because the trial court did not prevent Defendant from asking the State's witnesses about the fact that Defendant made voluntary statements, Defendant's argument is without merit and his assignment of error number one is overruled. Defendant did not argue his remaining assignments of error and therefore they are abandoned pursuant to N.C.R. App. P. 28(b)(6). No error.
Judges HUNTER and BEASLEY concur.
Report per Rule 30(e).