CALABRIA, Judge.
Where defendant's involvement in a subsequent crime permitted an inference of an agreement formed during the commission of a prior crime, the trial court did not err in denying defendant's motion to dismiss the charge of conspiracy. Where defendant expressed an intent to aid the perpetrators, and provided actual aid, by helping to move the getaway car out of a ditch, the State presented sufficient evidence of acting in concert. Where defendant lacked sole possession of stolen goods, but that possession was shared by defendant and the perpetrators, exclusive of all persons not party to the crime, the State presented sufficient evidence of the doctrine of recent possession. We find no error.
I. Factual and Procedural Background
On 9 March 2015, Megan Roberts ("Roberts") observed a car drive up and down the street several times. She noticed three male passengers seated in the car; one driving, one in the front passenger seat, and the third in the back seat. When the car stopped three houses away, Roberts saw the back-seat passenger, wearing mostly black clothing, disembark. He also wore a bucket hat with a floral design, and carried a backpack. Next, he ran into a garage, emerged carrying a leaf blower, placed it in the car, and drove away. Kesone Vongkaysone ("Vongkaysone"), the resident of the home, confirmed that his leaf blower was stolen from his garage.
Roughly one half hour later, Aaron Miller ("Miller") observed three men standing outside of a vehicle that was stuck in a ditch at the end of his neighbor's driveway. As two of them attempted to push the car out of the ditch, the third pressed the gas pedal. Miller entered his garage and left the garage door open. Later, he heard a noise from his garage, and saw a man taking a weed whacker from the garage. Miller's leaf blower, which was also in the garage, was already missing. Miller chased the thief, who fled next door, where the vehicle Miller had seen earlier was parked. The thief threw the weed whacker into an open passenger door and climbed in behind it. Miller watched the car speed away. Miller saw three people in the car as it left; Rashee Darcell Massey ("defendant") was in the front passenger seat. When the vehicle struck a drainage ditch, it made noise as if something inside was broken.
Still later that same day, Cynthia Walley ("Walley") heard an accident. She saw a vehicle drive past, with something "hanging from below." The car drove past her and stopped. She also saw a lot of movement in the car. Next, three men got out of the car, walked away, and started running. Walley took a photograph and video of the men. At trial, Walley identified defendant as one of the men.
Sergeant Robert Moore ("Sgt. Moore"), an officer with the Huntersville Police Department, was notified to be on the lookout for the thieves in the area. Sergeant Moore saw and detained defendant, who asked, "Why am I being arrested? I wasn't in the car." At the time, defendant was wearing black pants and a bucket hat with a floral design. Another officer, Officer Joseph Kirkpatrick, located the vehicle, in which officers found the two leaf blowers and weed whacker.
Defendant was indicted for two charges of felonious breaking and entering, two charges of common law conspiracy to commit breaking, entering, and larceny, two charges of larceny after breaking and entering, and one charge of felonious possession of stolen goods. At the close of the State's evidence, defendant moved to dismiss the charges based on insufficiency of the evidence, and violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The trial court denied this motion. Defendant presented no evidence, and renewed his motion, which was again denied.
The trial court instructed the jury on the doctrines of acting in concert and recent possession. The jury returned verdicts finding defendant guilty of felonious breaking and entering, conspiracy, and larceny with respect to Miller. The jury returned verdicts finding defendant not guilty of breaking and entering, conspiracy, and larceny with respect to Vongkaysone, and not guilty of possession of stolen goods. The trial court consolidated the larceny and conspiracy charges for judgment, and sentenced defendant to a minimum of 8 and a maximum of 19 months on the breaking and entering conviction, and a minimum of 8 and a maximum of 19 months on the larceny and conspiracy convictions, to run consecutively, in the custody of the North Carolina Department of Adult Correction.
Defendant appeals.
II. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).
" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000).
"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).
"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995).
III. Motion to Dismiss
On appeal, defendant contends that the trial court erred in denying his motions to dismiss multiple charges. We address these arguments in turn.
A. Conspiracy
First, defendant contends that the trial court erred in denying his motion to dismiss the charge of conspiracy to commit breaking and entering and larceny. We disagree.
A criminal conspiracy is an agreement between two or more persons to do an unlawful act or do a lawful act in an unlawful way or by unlawful means. In order for a defendant to be found guilty of a conspiracy, it must be established by competent evidence that the defendant entered into an unlawful confederation for the criminal purposes alleged. While a conspiracy may be established from circumstantial evidence, there must be such evidence to prove the agreement directly or such a state of facts that an agreement may be legally inferred. Conspiracies cannot be established by a mere suspicion, nor does a mere relationship between the parties or association show a conspiracy. If the conspiracy is to be proved by inferences drawn from the evidence, such evidence must point unerringly to the existence of a conspiracy.
State v. Massey , 76 N.C. App. 660, 661-62, 334 S.E.2d 71, 72 (1985) (citations omitted).
In the instant case, multiple witnesses observed the three men in the car. Officers found the stolen goods in the car. Multiple witnesses observed the men taking items from garages, placing them in the car, and then driving away. Roberts identified one of the thieves, the one who stole Vongkaysone's leaf blower, as wearing a bucket hat with a floral design, the same type of hat defendant was wearing when he was arrested. And both Miller and Walley identified defendant as one of the men in the car.
While this evidence, taken in the light most favorable to the State, demonstrates defendant's presence and participation in the thefts, it does not necessarily demonstrate the existence of "an agreement between two or more persons to do an unlawful act[.]" However, we hold that an agreement can be inferred from these circumstances. In reaching this holding, we rely upon our decision in State v. Young , --- N.C. App. ----, 790 S.E.2d 182 (2016).
In Young , the defendant, along with two accomplices, robbed a person named Mr. Keen, at the apartment of his acquaintance, Mr. Boric. Subsequently, the three drove to a parking lot and robbed another person, Ms. Kreuger. The defendant was charged with, inter alia , two counts of conspiracy to commit armed robbery, and convicted of only one, the latter robbery of Ms. Kreuger. On appeal, the defendant contended that there was insufficient evidence of an agreement. Viewing the two incidents together, we observed that:
The evidence showed that defendant pointed a gun at Mr. Keen while the other two men took his property, including his car keys, taped him up, and then took his white Azera. Just after this robbery, at an adjoining complex parking lot, Ms. Krueger saw a white car circling the lot just before the car stopped and defendant got out of the back seat and robbed her. The State contends that "[t]aken together, this evidence is sufficient to show that defendant knew in advance that a robbery was going to occur, that he participated with at least one other individual, namely the person driving the car, in the robbery with each having preassigned roles and that defendant and at least one other individual conspired to commit the robbery." Defendant's argument on appeal focuses only on the facts of the occurrences in the parking lot, when a man got out of a car and robbed Ms. Krueger. But the evidence presented at trial also encompassed the incidents which occurred just before, in Mr. Boric's apartment, and all of the evidence taken together supports the State's theory.
Id . at ----, 790 S.E.2d at 186-87. We went on to hold:
Although the evidence is circumstantial, it does support the inference that defendant and the other men in [Mr.] Boric's apartment agreed to take Mr. Keen's car and to go on to commit other unlawful acts, with defendant wielding the shotgun and another person driving the car. The acts against Ms. Krueger occurred within minutes after defendant and the other men tied up Mr. Keen and took his car. Ms. Krueger was in a parking lot very near Mr. Boric's apartment, and the jury could easily infer that defendant pointed the same shotgun at Ms. Krueger and was wearing the same blue bandana over his face, as described by Mr. Keen. Accordingly, we find that the trial court did not err by denying defendant's motion to dismiss.
Id . at ----, 790 S.E.2d at 187-88.
We hold that the facts in the instant case are remarkably parallel to those in Young . In the instant case, defendant and two accomplices were observed stealing from one garage. Shortly later and a short distance away, they stole again. Defendant was charged with, inter alia , two counts of conspiracy to commit breaking and entering and larceny, and found guilty only with respect to the latter incident.
We reaffirm our reasoning in Young . The evidence of defendant's participation in the initial larceny, when examined alongside the proximity in time and space to the second larceny, supports the inference that defendant and his accomplices entered into an agreement to commit further subsequent larcenies. It is fair to infer that once the first larceny was committed, any subsequent larcenies could have been the result of an agreement between defendant and his accomplices; it seems possible for the subsequent crimes, similar in nature and proximate in time and space, to have been committed with an agreement after the first. Accordingly, we hold that the evidence, taken in the light most favorable to the State and giving the State the benefit of every reasonable inference, supported the existence of an agreement with respect to the breaking and entering and larceny of Miller.
B. Breaking and Entering and Larceny
Second, defendant contends that the trial court erred in denying his motion to dismiss the charges of breaking and entering and larceny. Specifically, defendant contends that the State presented insufficient evidence of acting in concert, and insufficient evidence of constructive possession via the doctrine of recent possession. We disagree.
1. Acting in Concert
" 'To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose.' " State v. Ikard , 71 N.C. App. 283, 285, 321 S.E.2d 535, 536-37 (1984) (quoting State v. Joyner, 297 N.C. 349, 356, 255 S.E.2d 390, 395 (1979) ). "While it is true that it is not necessary for a defendant to do any particular act constituting a part of the crime in order to be convicted of that crime under the principle of acting in concert, so long as he is present at the scene, it is nevertheless necessary that there be sufficient evidence to show he is acting together with another or others pursuant to a common plan or purpose to commit the crime." State v. Forney , 310 N.C. 126, 134, 310 S.E.2d 20, 25 (1984). "[A] defendant's presence at the scene of a crime is not evidence of his guilt, even if the defendant is in sympathy with the criminal actor and makes no attempt to prevent the crime." State v. Bowden , 216 N.C. App. 275, 278-79, 717 S.E.2d 230, 233 (2011). "To support a conviction, the State's evidence must be sufficient to support a finding that the defendant was present, actually or constructively, with the intent to aid the perpetrators in the commission of the offense should his assistance become necessary and that such intent was communicated to the actual perpetrators. The communication or intent to aid, if needed, does not have to be shown by express words of the defendant but may be inferred from his actions and from his relation to the actual perpetrators." State v. Sanders , 288 N.C. 285, 290-91, 218 S.E.2d 352, 357 (1975), cert. denied , 423 U.S. 1091, 47 L.Ed. 2d 102 (1976).
Defendant contends that the State failed to present sufficient evidence that he acted in concert with the perpetrators of the larcenies. Defendant notes that no witnesses observed defendant personally committing the larcenies, nor offering assistance to the thief or thieves; witnesses merely placed defendant in the front passenger seat of the vehicle.
However, defendant did not merely sit in the vehicle. Miller testified that the three men, including defendant, pushed the vehicle from the ditch. Defendant's assistance in freeing the getaway vehicle from its incapacitation constituted actual assistance, enabling the thief's or thieves' escape after the larceny. We hold that this evidence, taken in the light most favorable to the State and giving the State the benefit of every reasonable inference, demonstrates not only an intent to aid in the commission of the crime, but actual aid offered. As such, the trial court did not err in denying defendant's motion to dismiss on the basis of acting in concert.
2. Doctrine of Recent Possession
"In cases of breaking or entering and larceny, the doctrine of recent possession can be applied when it is shown that stolen property was found in the defendant's possession soon after it was stolen and under circumstances that make it unlikely that the defendant obtained possession honestly." State v. Milligan , 192 N.C. App. 677, 682, 666 S.E.2d 183, 187 (2008). Where a defendant is not found in actual possession of contraband, nor is defendant the only occupant of the vehicle in which contraband is found, he does not have exclusive possession of contraband, and his mere presence in the vehicle does not, by itself, establish constructive possession. State v. Bailey , 233 N.C. App. 688, 691, 757 S.E.2d 491, 493, writ denied, disc. review denied, 367 N.C. 789, 766 S.E.2d 678 (2014).
It is undisputed that the stolen goods were not found in defendant's possession, but in the vehicle. Defendant contends that their mere presence in the vehicle, absent more, is insufficient evidence of his exclusive possession of stolen goods, and thus insufficient evidence of constructive possession.
However, we have held that "[e]xclusive possession does not necessarily mean sole possession." State v. Foster , 149 N.C. App. 206, 209, 560 S.E.2d 848, 851, disc. review denied , cert. denied , 355 N.C. 496, 564 S.E.2d 48 (2002). Rather, it means possession " 'to the exclusion of all persons not party to the crime.' " Id . (quoting State v. Maines , 301 N.C. 669, 675, 273 S.E.2d 289, 294 (1981) ). Although the evidence does not demonstrate that defendant had sole possession of the stolen goods, it does show that defendant and his two accomplices in the vehicle had possession of the goods exclusive of all persons not party to the crime. This evidence, when viewed in the light most favorable to the State, suggests that defendant and his accomplices exercised exclusive possession of the stolen goods, and thus permits an inference of constructive possession via the doctrine of recent possession. The trial court therefore did not err in denying defendant's motion to dismiss pursuant to the doctrine of recent possession.
NO ERROR.
Report per Rule 30(e).
Judges HUNTER and BERGER concur.