TYSON, Judge, dissenting.
The majority's opinion correctly states the applicable standard of review of the trial court's ruling on Defendant's motion to dismiss, yet erroneously concludes the State failed to introduce any competent evidence *16 tending to show, and as the jury found, an essential element of the doctrine of recent possession and reverses Defendant's convictions for breaking and entering and larceny. My review and vote concludes no error occurred in Defendant's conviction by the jury or in the judgment entered thereon. I respectfully dissent.
I. Possession of Recently Stolen Goods
Defendant's recent possession of stolen goods raises a presumption of guilt, where the State's evidence tends to show the stolen goods were in Defendant's custody or control recently after the larceny thereof. The elements of this crime are:
(1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was recently *696 after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.
State v. Maines , 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981) (citations omitted).
In Maines , our Supreme Court held the recent possession doctrine did not apply to that defendant. The stolen items were found inside a vehicle the defendant was driving. Id. at 670, 273 S.E.2d at 291. Three other individuals were also present inside the car, including the registered owner of the vehicle. Id. at 676, 273 S.E.2d at 294.
The Supreme Court noted the "[d]efendant did not have actual or personal possession of the stolen property. None of the goods were on his person[.]" Id. The Court found that the defendant's possession of the stolen goods was "at most constructive, based on the fact he was driving the car and presumably in control of it and its contents." Id. The Supreme Court reversed the defendant's conviction because this analysis was "based on stacked inferences." Id. The jury was required to infer that the defendant possessed the recently stolen goods from the lone fact that he was driving the car with the car's owner and others inside, and then the jury was required to further infer he was the perpetrator who had broken and entered and stolen the items. Id.
Here, and as acknowledged in the majority's opinion, it is both admitted and undisputed that Defendant traveled alone to 50 Woody Street, loaded the items onto her truck with Nichols' assistance, and while again alone, with actual and exclusive possession, drove the stolen items to 24 Ridge Street. It is also undisputed when she was approached by Detective Grindstaff, Defendant actually and exclusively possessed other items, which had also been recently stolen from exactly the same location.
The State's evidence was properly admitted and tends to show: "[D]efendant had possession of the [recently stolen] property, subject to [her] control and disposition to the exclusion of others." State v. McQueen , 165 N.C. App. 454, 460, 598 S.E.2d 672, 677 (2004).
The defendant's constructive possession in State v. Maines is factually distinguishable from Defendant's admitted and actual possession of recently stolen goods.
II. State v. Foster
The majority's opinion cites State v. Foster , 149 N.C. App. 206, 560 S.E.2d 848 (2002), and asserts Defendant's possession was not "to the exclusion of all persons not party to the crime," and the presumption *697 of guilt, spawned by her recent possession, would not apply. In Foster , the store owner locked his doors on 10 December. Id . at 207, 560 S.E.2d at 849. When he returned on 11 December, items including a Lawn Boy mower, trailer, tires, rims, and other items were missing. In the interim early morning hours, police had observed the defendant-Foster and two other individuals in the defendant's truck. The Lawn Boy and tires and rims were in the truck at the time. Id.
This Court recognized, "[e]xclusive possession does not necessarily mean sole possession. Exclusive possession means possession to the exclusion of all persons not party to the crime ." Id. (citations omitted) (emphasis supplied). The evidence in Foster showed the defendant and the two other passengers in the truck were all parties to the crime. The *17 evidence did "not suggest that anyone other than defendant or the other passengers possessed or controlled the tires, rims, and Lawn Boy seen in the back of the truck defendant was driving." Id.
Whether Defendant possessed the recently stolen items to the exclusion of anyone else, who was not a party to the crime is not the issue before us. No one disputes Nichols was a party to taking the items hidden underneath 50 Woody Street and loading them into Defendant's truck. Defendant admits Nichols was involved with the stolen items.
In State v. Lytton, 88 N.C. App. 758, 365 S.E.2d 6 (1988), the defendant was charged with and convicted by a jury of felony larceny. This Court held evidence was sufficient to raise the recent possession doctrine where another man, in addition to the charged defendant, was a party to the crime and the evidence did not suggest that anyone other than the defendant and this other man "possessed, controlled, or had anything to do with" the stolen guns; instead, it tended "to show that only they had and controlled the stolen guns." Id. at 759, 365 S.E.2d at 7. Defendant's argument, asserting she was not charged with conspiracy and the jury was not instructed on acting in concert, and "no other persons party to the crime[s]" were charged for the jury to consider, is irrelevant to the issue before us on her motion to dismiss.
Once the stolen items were loaded into her truck, Defendant had the requisite actual possession and control over the recently stolen property. Whether Nichols could have also controlled the stolen property is irrelevant to the sufficiency of the State's evidence to overcome and deny Defendant's motion to dismiss and to support the jury's verdict of Defendant's guilt under the doctrine of recent possession of stolen goods. See id.
*698 Further, the majority's opinion acknowledges Defendant was briefly in possession of the stolen property. The length of time Defendant possessed the stolen property is not material to the State's evidence tending to show and raising the presumption that Defendant was the thief, who had stolen the goods under the doctrine of recent possession to sustain her motion to dismiss.
III. State v. Wilson
In State v. Wilson , the Supreme Court recognized no bright line test exists for the length of time to allow the inference of guilt of the theft spawned by the recent possession of the goods stolen. State v. Wilson , 313 N.C. 516, 536, 330 S.E.2d 450, 464 (1985). The Court recognized "[t]here is no specific period, however, beyond which possession can no longer be considered 'recent.' Rather, the term is a relative one and will depend on the circumstances of each case." Id. (citations omitted).
In light of all of the other circumstances in Wilson , our Supreme Court held the defendant and his girlfriend's possession of the stolen watch, one to three weeks after the victim had been stabbed and his watch was stolen "was sufficiently recent to support a reasonable inference of the defendant's guilt under the doctrine of recent possession." Id. at 536-37, 330 S.E.2d at 464.
Here, Defendant admitted she alone had transported the items that had been stolen on or about 20 March 2014 in her truck and she had unloaded them at the Ridge Street address. Her possession of the recently stolen goods was exclusive and 100% within her control at that time. Whether the two weeks, which may have passed between the breaking and entering and larceny and the discovery of the property being stolen, and Defendant's admitted possession, is too remote to apply the doctrine of recent possession was a proper question for the jury and does not support vacating Defendant's conviction as a matter of law. See id. at 536-37, 330 S.E.2d at 464.
IV. Conclusion
The State's evidence tended to show Defendant's exclusive possession of recently stolen goods. The trial court correctly submitted the case to the jury. The jury considered and weighed the evidence and properly convicted Defendant. See State v. Johnson , 60 N.C. 235, 237-38 (1864) (upholding larceny conviction where goods were stolen six weeks prior to when they were found in a house rented by the defendant and *699 his wife). "It appears to have been fairly laid before the jury, according to the view here taken, and the jury have come to a conclusion with which we have no *18 right to interfere, if we had the inclination." Id.
Correctly applying the standard of review to Defendant's motion to dismiss, Defendant has failed to show any prejudicial and reversible errors occurred at trial which would entitle her to a new trial. I find no error in the jury's conviction or in the judgment entered thereon. I respectfully dissent.